JONES v. THE STATE.

One can not be convicted of the offense of obstructing or resisting an officer in an attempt to execute a warrant of arrest, unless he had notice that the person attempting to make the arrest had authority so to do.   It follows that a verdict of conviction for such an offense will be set aside, when the evidence fails to show that the accused had notice of the official character of the person attempting to make the arrest, and does show that such person did not have a warrant for the arrest of the accused.   The fact that the accused knew that a warrant had been issued and was in the possession of the sheriff in a distant part of the county does not change the rule.

             Submitted October 22, — Decided November 6, 1901.

Accusation of obstructing legal process.    Before Judge Parks.    City court of Dawson.    July term, 1901.

J. R. Irwin, W. H. Gurr, and R. R. Marlin, for plaintiff in error.

M. J. Yeomans, solicitor, by L. Z. Rosser, contra.

COBB, J.    The accused was prosecuted for the offense of obstructing an officer while attempting to execute a warrant of arrest upon him.   He was convicted, and his motion for a new trial having been overruled, he excepted.    The evidence was substantially as follows:    The person who attempted to arrest the accused was a constable.    A warrant had been issued for the arrest of the accused, charging him with wife-whipping, and the constable had been informed by the sheriff of the county that the warrant had been

issued, and had been requested by the latter officer to make the arrest. The sheriff did not, however, send the constable the warrant, but retained it in a distant part of the county, in another town, from the one in which the accused resided and in which the arrest was made. The sheriff took no part in the arrest, either actually or constructively. When the constable went to arrest the accused he informed him that there was a warrant out for his arrest, but did not state what offense was charged in the warrant. The accused knew that a warrant had been issued for his arrest for wife-whipping, but did not know that the constable was an officer, so far as appears from the evidence, and he avers in his statement that he did not know this fact. The constable did not, prior to the resistance which the accused offered, state that he was an officer, and as soon as he made known this fact, the accused submitted to arrest. The judge charged the jury in effect, that if they believed from the evidence that the person who sought to make the arrest was a lawful constable, and that the sheriff had in his possession at the time a legal warrant of arrest for the accused, and had instructed the constable to make the arrest, they would be authorized to convict, if it appeared that the accused resisted arrest. The accused excepted to this charge, and we think the exception is well taken. It is the duty of an officer who attempts to make an arrest to exhibit the warrant if he has one, and if not, to inform the person to be arrested of his official character and of the offense charged in the warrant. Every person is justified in resisting arrest at the hands of a person who has no authority to make the arrest. In the absence, therefore, of some sort of notice that a person who is attempting to arrest him has authority to do so, a person sought to be arrested has a right to offer resistance. The statute makes it an offense to resist or obstruct an officer; and if the person resisting has no knowledge of the official character of the party who is attempting to make the arrest, he can not be convicted of the offense defined by the statute. This case is controlled, in principle, by the decision in *Davis* v. *State,* 79 *Ga.* 767. See also *Croom* v. *State,* 85 *Ga.* 718, 724; *Snelling* v. *State,* 87 *Ga.* 50; *Robinson* v. *State,* 93 *Ga.* 77 (3). We are of opinion, therefore, that the judge erred in refusing to grant a new trial, both on account of the error in the charge and because the evidence did not authorize the verdict.

*Judgment reversed. All the Justices concurring.*