## 4797.  McLENDON *v.* THE STATE.

The gist of the offense defined in the first part of section 311 of the Penal
Code is knowingly obstructing an officer attempting to execute a lawful
process.  One can not be convicted of this offense unless it be shown that
he knew the official character of the person attempting to make the
arrest, and also knew that the officer was endeavoring to execute a
lawful process.

DECIDED MAY 6, 1913.

Indictment for obstructing officer; from Laurens superior court—
Judge Hawkins.  February 22, 1913.

*T. E. Hightower, H. P. Howard,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

POTTLE, J.  The accused was convicted of a violation of section
311 of the Penal Code, and complains that the verdict is without
evidence to support it.  It appears that one Walker was charged
with the unlawful shooting of another.  The sheriff was requested
to place Walker under arrest.  He had no warrant charging the
offense of shooting at another, but he did have in his possession a
bench warrant for Walker, which had never been executed.  The
officer went to the scene of the shooting, and while he was there
a buggy drove up, with the top up and all enclosed.  This excited
the officer's suspicion and he called to the occupants to stop.  It
appears that Walker and the accused, and another person, jointly
indicted with him, were in the buggy.  When the sheriff called to
them to stop, Walker struck with a whip the mule attached to the
buggy, and it dashed off, catching the sheriff between the wheels of
the buggy.  Thereupon Walker threw a double-barrel shot-gun
in the sheriff's face, and McLendon tried to push the officer out of
the buggy.  During all this time the mule was being rapidly driven
away.  In the scuffle the sheriff had one of his ribs broken and was
otherwise injured.  The mule was finally stopped and Walker was
arrested.  The sheriff did not inform any of the occupants of the
buggy that he had a warrant for Walker's arrest, or that he was
the sheriff of the county.  He testified, however, that the accused
knew he was sheriff and had known him ever since he had been
sheriff, some two or three years.  As soon as the buggy was stopped
the accused jumped out, called the sheriff by name, and stated that
he did not know it was he; that he did not mean to hurt him, and
that if he had known it was the sheriff he would not have made any
resistance.

Of course, if the accused did not know that the sheriff was an officer of the law having the authority to make the arrest, he could not be convicted. *Jones* v. *State,* 114 *Ga.* 73 (39 S. E. 861); *Franklin* v. *Amerson,* 118 *Ga.* 860 (45 S. E. 698). The question arising under the evidence is whether the attempted arrest of Walker was legal, and the accused knowingly obstructed the officer in the execution of a legal process. It is undisputed that the officer had a valid warrant for Walker's arrest; that Walker was charged with the offense of shooting at another, and that at the time the arrest was made, he was attempting to escape. There is, however, no evidence that the accused knew that the officer had a warrant, or knew that Walker was accused of a crime. The gist of the offense defined in section 311 of the Penal Code is knowingly obstructing an officer in serving or attempting to serve or execute a legal process or order. It is not enough that the accused should know that the person attempting to make the arrest is an arresting officer. It must also appear that he knew that the officer was attempting to execute a lawful process or order. If he does not know that the officer has in his possession such a process, or that the officer is attempting to execute such a process, he can not be convicted. If the accused had known that Walker was charged with a crime, and that he was attempting to escape, and that the officer was endeavoring to arrest him, the accused would be guilty, if the officer in fact had a lawful warrant, whether the accused knew it or not. But the evidence in the present record is wholly insufficient to show that the accused knew that Walker was charged with a crime and that the officer was attempting to execute a warrant for his arrest. It is even doubtful, under the evidence, whether the accused was apprised of the official character of the person who was attempting to make the arrest. The evidence was not sufficient to authorize the conviction, and the court erred in refusing to grant a new trial.

*Judgment reversed.*