### 12718.   McRAE *v.* THE STATE.

1. Whe..e an indictment is full and minute and covers every element of the crime charged, and the judge in his instructions to the jury reads the indictment, and tells them that the burden is upon the State to establish beyond a reasonable doubt the guilt of the accused as charged in the indictment, it is unnecessary to give to the jury the definition of the crime as laid down in the code.
2. This case is not dependent wholly upon circumstantial evidence; and it furnishes no ground for a new trial that the court failed to charge the law touching such evidence.
3. There is some evidence to support the verdict.

DECIDED NOVEMBER 16, 1921.

Indictment for larceny of horse; from Wilcox superior court — Judge Gower. June 30, 1921.

*Hal Lawson,* for plaintiff in error.

*J. B. Wall, solicitor-general, Grantham & Kassewitz,* contra.

BLOODWORTH, J.   1. It is alleged that the judge erred because he "failed to give in charge to the jury the legal definition of simple larceny." The indictment set out the charge of simple larceny fully and minutely. In his instructions to the jury the judge quoted all of that portion of the indictment which charged the defendant with simple larceny, including the words "did wrongfully and fraudulently take and carry away with intent to steal the same." The judge further charged the jury that "the burden is upon the State to establish to your satisfaction beyond

a reasonable doubt the guilt of the accused as charged and alleged in this bill of indictment before you would be authorized to convict." In *Smith* v. *State,* 63 *Ga.* 168 (14), 169, the Supreme Court held: "The accusation being under section 4627 of the Code, and being full and minute in setting forth the acts laid to the prisoner's charge, it was unnecessary to read to the jury any of the code, or to state what particular act or acts had to be proved in order to make out the case. This information was conveyed to the jury by reading to them the accusation, and calling upon them to render a verdict of guilty or not guilty." Under that ruling and when the entire charge is considered, there is no merit in this ground of the motion for a new trial.

2. Error is alleged because "the court failed to charge the law of circumstantial evidence as laid down in the Penal Code of Georgia, § 1010." This case does not rest entirely upon cir·cumstantial evidence, and, without proper and timely request therefor, the court did not err in failing to instruct the jury on the law of circumstantial evidence. "It is only where a case is solely dependent upon circumstantial evidence that the court is required to instruct the jury as to the law of such evidence." *Hegwood* v. *State,* 138 *Ga.* 274 (75 S. E. 138). In *Reddick* v. *State,* 11 *Ga. App.* 150 (3) (74 S. E. 901), this court held: "When the facts from which the evidence of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence." See also *Scarboro* v. *State,* 24 *Ga. App.* 27 (7), 29 (99 S. E. 637), and citations.

3. No error was committed upon the trial; there is some evidence to support the verdict, and "this court has repeatedly held that in the absence of legal error it has no authority to interfere with a verdict supported by some evidence."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*