### 17266.  SANDERS *v.* THE STATE.

Failure to charge the law of circumstantial evidence was not error, under the facts of this case.

DECIDED MAY 12, 1926.

Conviction of cheating and swindling; from Wilkes superior court—Judge Perryman.  February 20, 1926.

*W. A. Slaton,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J.  1.  The amendment to the motion for a new trial alleges that the evidence showing the intent of the accused to commit the crime charged was circumstantial; that intent was an essential element of the offense, and that for this reason the court erred in failing to charge the law on circumstantial evidence. There was no request to charge this principle of law.  The facts from which the guilt or innocence of the defendant could be drawn were all established by direct proof.  In *Reddick* v. *State,* 11 *Ga. App.* 150 (3) (74 S. E. 901), the court said: "When the facts from which the inference of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence, to the effect that if the proved facts are consistent with innocence, the defendant should be acquitted; this for the reason that every one is presumed to intend the natural and legitimate consequences of his acts."  Under this ruling and the facts of the instant case the failure of the court to charge the jury upon the law of circumstantial evidence, in the absence of a timely and appropriate written request, was not

Criminal Law, 16 C. J. p. 1059, n. 39.

error.   See *McRae* v. *State, 27 Ga. App.* 613 (2), 614 (109 S. E. 688).

2.   There is ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*