THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CANDITO CINTRÓN, ETC., Defendant and Appellant.

No. 11446.   Argued June 5, 1946.—Decided June 6, 1946.

*G. López de Victoria* and *Ildefonso Freyre* for appellant.   *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

The appellant was convicted of a violation of § 137 of the Penal Code in that he delayed and obstructed the marshal of a municipal court when he sought to serve a summons on a defendant. He contends that the lower court erred in considering the evidence sufficient to establish the offense. The prosecuting attorney of this court agrees that the error charged was committed.

The evidence shows that the marshal went to defendant's establishment and inquired as to the whereabouts of a woman. The defendant, who knew the marshal as such, answered that the woman was not in his establish-

ment, and suggested that she might be in another place. The marshal went out and after some time returned with a policeman, who identified a woman who was in defendant's establishment as the one the marshal was seeking.

Although the evidence shows that the marshal sought the woman to summon her for trial, it does not show that he had so informed the defendant or that the defendant knew it. Section 137 of the Penal Code prohibits only the *wilful* obstruction of an officer in his attempt to execute any duty of his office. In order that the *wilfulness* to obstruct should exist the defendant must know, not only the official capacity of the officer, but also that he is acting in that capacity. *McLendon* v. *State,* 12 Ga. App. 691, 78 S. E. 139. See *People* v. *Santiago,* 35 P.R.R. 701.

Since it was not proved that the defendant wilfully obstructed the marshal in the execution of his duty, the judgment appealed from should be reversed.