## 49787. RATLIFF v. THE STATE.

EVANS, Judge.

Defendant was convicted on the charge of interfering with peace officers (city police and deputy sheriff) while serving a legal search warrant. See Code Ann. § 26-2505 (a misdemeanor). He was sentenced to serve three months, but was to be discharged at any time upon payment of a $100 fine. Defendant appeals. *Held:*

1. There was evidence that the officers while serving a search warrant instructed defendant (who approached the place under search) he would have to wait until the search was over to enter. He returned twice seeking to enter, and on the second attempt, after being twice told to stay away from the premises, and against the advice of the last officer who so advised him, he sought to enter and was placed under arrest. This evidence was sufficient to support the verdict. See *Chambers v. State,* 127 Ga. App. 196 (192 SE2d 916) (reversed on other grounds); *Moses v. State,* 6 Ga. App. 251 (2) (64 SE 699) (reversed on other grounds); *Harrison v. State,* 26 Ga. App. 645 (1) (107 SE 90). The case differs on its facts from *Moses v. State,* 6 Ga. App. 251, supra, cited by defendant, because the defendant there offered resistance *after* arrest, due to the failure of the officer to take him before a magistrate.

2. The court charged the jury, using the language of the statute, that a person who "knowingly and wilfully obstructs any law enforcement officer in the lawful discharge of his official duties," is guilty of a misdemeanor. No further definition or explanation of the charge would be necessary without written request. No further explanation of the word "interference" and "knowingly and wilfully obstructs or hinders" was necessary in order for the jury to fully understand the charge. The court further advised it was for the jury to decide for itself whether the action of the defendant would hinder or impede the officers in carrying out their assigned duties. *McRae v. State,* 27 Ga. App. 613 (1) (109 SE 688).

3. In response to counsel's request to elaborate on the definition of what constitutes interfering with police

officers in the performance of their lawful duties, the court added: "I would not think that it would of necessity have to be violent or to constitute a particular threat to the officer. I think the test that the law requires would be that it effectively hindered or impeded the law enforcement in the carrying out of their duties." This excerpt of the charge is not subject to the attack that almost any act or conduct done in the presence of a police officer would subject him to arrest under this statute.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 3, 1974 — DECIDED NOVEMBER 7, 1974.

*Kopp, Peavy, & Conner, J. Edwin Peavy,* for appellant.