59098, 59099. WELLS v. THE STATE (two cases).

SMITH, Judge.

Edgar F. Wells and his brother, Joseph L. Wells, were convicted of obstruction of officers; Edgar was also convicted of simple battery. Their cases were tried together, and, as the alleged criminal activity arose out of the same set of facts, appellants' separate appeals will be considered together. Appellants both enumerate as error the trial court's denial of their motions for a new trial; the court's denial of their motions for a directed verdict; and the court's entering judgment on their respective verdicts. In addition, Edgar contends that the court erred in submitting both charges against him to the jury as separate offenses and in receiving a general verdict where the evidence failed to support a

guilty verdict as to both counts. We affirm .

The evidence presented by the prosecution showed that two automobiles were stopped at the same time for speeding. Edgar was the passenger in the first vehicle and Joseph the passenger in the second. As one of the officers was attempting to advise the driver of the second vehicle as to his violation, Joseph shouted interruptions and vulgar language from the other side of the vehicle. Due to the shouting, the second officer joined the first at the passenger side of the second vehicle. This verbal tirade continued, however, despite repeated requests to desist. At one point Joseph said, "There's four of us and two of you; now what are you going to do?" At this point the officer advised Joseph that he was under arrest for obstruction of officers and directed him to get out of the vehicle. Joseph refused to get out and continued shouting vulgar language. After several minutes, Joseph did get out, but only after Edgar had come back to the second vehicle and requested he do so. Edgar returned to the first vehicle, but during the pat down search, Joseph began screaming as if he were being hurt and yelled for Edgar to help him. One officer testified that this behavior seemed like a complete joke to Joseph. The officers both testified that they did nothing to harm Joseph. Edgar responded to his brother's entreaties and became so upset that he had to be calmed by the officers.

Joseph was then placed in the patrol car, and the drivers of the two automobiles were directed to follow the officers back to the county detention center. Upon arrival at the detention center, Joseph again began screaming and shouted to his brother that the officers had threatened him. At this, Edgar again became upset and also started screaming at the officers. One officer remained with Edgar in an attempt to calm him down while the second officer took Joseph and the two drivers upstairs. Edgar then took a swing at the remaining officer who subdued him and then took him upstairs also. Upon arriving upstairs, Edgar hit the officer in the face with his elbow and again had to be subdued.

Appellants' testimony conflicts with that of the state as to several matters, none of which is pertinent here. Both appellants challenge the sufficiency of the evidence to support a guilty verdict for the offense of obstruction of officers, contending that forcible resistance must be alleged and proved to set forth that offense.

Under former Code § 26-4401, it was a misdemeanor. to "obstruct, resist, or oppose" an officer serving or attempting to serve or execute lawful process. "To constitute obstructing, resisting, or opposing an officer, in attempting to execute his legal process, there must be some overt act consisting of force or threats accompanied by some overt act with the ability and the apparent intent to carry such

threat into effect. Mere threats alone . . . are not sufficient. [Cits.]" *McBride v. State,* 68 Ga. App. 755, 756 (24 SE2d 135) (1943). However, this statute was superseded by Code § 26-2505 which provides: "A person who knowingly and wilfully *obstructs or hinders* any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." (Emphasis supplied.) Ga. L. 1968, pp. 1249, 1313. In enacting § 26-2505 of the Criminal Code of Georgia, the legislature noted that the effectiveness of the former statute was diminished in part by the fact that the courts "confined its application to assaults, which made it superfluous . . . The new section covers the obstruction of law enforcement in general by the use of violence, threat of violence, or other unlawful means." Code Ann. Ch. 26-25, p. 325. (Committee Notes, Obstruction of Law Enforcement). The legislature clearly intended to modify the law to now include forms of speech which may reasonably be interpreted as a "threat of violence" and which amount to an obstruction or hindrance.

When viewed in the light most favorable to the prosecution, the evidence shows that Joseph's shouting and screaming not only made it difficult for the officer to advise the driver of his violation, but further included a threat of violence. As to Joseph, this court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Logan v. State,* 136 Ga. App. 567 (222 SE2d 124) (1975).

Edgar asserts that he did nothing which could constitute obstruction of an officer, notwithstanding his concession that the evidence was sufficient to support a guilty verdict on the charge of simple battery. However, he not only hit the officer in the face, he earlier had taken a swing at the officer and had to be forcibly subdued. Again, reviewing the evidence in the light most favorable to the prosecution, we conclude that as to Edgar, any rational trier of fact could have found the essential elements of both obstruction of an officer and simple battery beyond a reasonable doubt. See *Logan,* supra; *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979).

*Judgments affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED APRIL 7, 1980.

*Eugene Highsmith,* for appellants.
*Alan B. Smith, Solicitor,* for appellee.