### 59338. EVANS v. THE STATE.

SMITH, Judge.

Henry Karl Evans appeals his conviction for obstruction of an officer. In support of his appeal, appellant enumerates nine allegations of error including the trial court's denial of his motion for a directed verdict. We reverse.

Appellant was brought to trial on an accusation which alleged in pertinent part that he did knowingly and "willingly" obstruct one Officer G while said officer was in the lawful discharge of his official duties. The state's evidence showed that Officer G was working undercover on a special detail with the vice squad; that a female subject fled arrest and Officer G pursued her; that both ran past appellant; and that appellant set out after them with his arm extended and stated, "Hey, man, get your [expletive deleted] hands off of that lady." Officer G testified that upon hearing appellant behind him, he released the female subject and turned toward appellant; that he warned apppellant to stay back but did not identify himself as a police officer; and that appellant did not use physical force toward him nor threaten him. Four others who identified themselves as police officers arrived on the scene before appellant reached Officer G and placed appellant under arrest.

1. Code § 26-2505 provides: "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Under the circumstances of this case, appellant's statement amounted to no more than a command or direction and, as a matter of law, did not constitute a "threat of violence" upon which a speech-based conviction may be grounded. See *Wells v. State,* 154 Ga. App. 246 (1980).

Furthermore, there was no evidence that appellant "knowingly" obstructed a law enforcement officer. On cross examination the undercover officer testified he was dressed in plain clothes (white cowboy hat, blue plaid shirt, Levi jacket, blue jeans and black boots) and that he had no weapon or badge. He further testified in response to defense counsel's cross examination: "Q. Were you in a blue uniform? A. No, sir . . . Q. Did you ever tell the Defendant that you were a police officer? A. No, sir." Therefore, the evidence was insufficient to authorize a conviction. See *Boggus v.*

*State,* 136 Ga. App. 917, 921 (222 SE2d 686) (1975); *Logan v. State,* 136 Ga. App. 567, 568-569 (222 SE2d 124) (1975).

2. As our holding in Division 1 is dispositive of this case, the remaining enumerations of error need not be considered.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED APRIL 21, 1980.

*James A. Elkins, Jr.,* for appellant.
*Robert G. Johnston, Solicitor,* for appellee.