61979. DUMAS v. THE STATE.

Pope, Judge.

Leon Dumas was convicted of obstruction of a police officer. He brings this appeal enumerating as error the trial court's denial of his motion for directed verdict of acquittal and challenging the sufficiency of the evidence to support the verdict.

The evidence showed that Officer Prestwood of the LaGrange Police Department went to a business known as "The Filling Station" to determine whether the proprietors were properly licensed to operate vending machines (pool tables, pin-ball machines, etc.) on the premises. Prestwood was unable to ascertain whether the business was properly licensed, so he instructed the proprietors to close down the vending machines until they could get their license straightened out the next day. This occurred between 5 and 6:00 p.m. on Sunday, February 10, 1980. Around 9:00 p.m. that same evening Prestwood received a call to go to appellant's place of business, a grocery store located across the street from The Filling Station. Appellant inquired of Prestwood why he had closed down The Filling Station. Appellant explained his interest in the matter as that of owner of the property, the proprietors of The Filling Station being his lessees. Prestwood explained that there was a problem with the license and that the establishment itself had not been closed down but only the vending machines located therein. Appellant was apparently not satisfied with Prestwood's explanation regarding the license and also told the officer that he did not like his attitude in this matter. Prestwood then returned to his patrol car located in the parking lot of appellant's grocery store and radioed his superior, Lt. Fannin. Appellant waited approximately 10 minutes and then went to use the public pay telephone, also located in the parking lot, in order to call Chief of Police Shepherd.

When Lt. Fannin arrived on the scene, appellant was talking on the telephone to Chief Shepherd. Appellant handed the telephone to Fannin and told him that Chief Shepherd wanted to talk with him. Following this conversation, Fannin hung up the telephone. As he was doing so, appellant indicated he wished to speak further to Chief Shepherd; Fannin related this to Chief Shepherd who, according to Fannin, stated that he did not want to speak further with appellant. An argument then ensued between appellant and Fannin. Fannin testified that appellant stated to his face, "You are nothing but a f— up. You are a born f— up. You f— up everything you do . . . You are going to get this matter straightened out . . . I'll tell you what, you get off my property." At this point appellant was placed under arrest for obstruction of an officer. Appellant denied the use of any obscene language, and the transcript discloses some evidence that Fannin also used abusive language, a charge he denied.

"A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Code Ann. § 26-2505. By the enactment of this statute "[t]he legislature clearly intended [that obstruction of a law enforcement officer] include forms of speech which may

reasonably be interpreted as a 'threat of violence' and which amount to an obstruction or hindrance." *Wells v. State,* 154 Ga. App. 246, 248 (268 SE2d 74) (1980). "Something more than mere disagreement or remonstrance must be shown." *McCook v. State,* 145 Ga. App. 3, 5 (243 SE2d 289) (1978). Accepting the facts most favorable to the verdict, the jury was authorized to conclude that appellant requested to talk with Prestwood concerning the closing of The Filling Station, a matter in which he had an interest. Prestwood believed appellant did not understand his explanation of the events which had transpired at The Filling Station; therefore, he called Lt. Fannin to the scene in hopes that Fannin could better explain the situation to appellant. Upon his arrival at the scene, Fannin never offered appellant an explanation but found himself the subject of verbal abuse and a demand that he remove himself from the premises.

Although appellant's behavior was alleged to have been unprovoked, there is no evidence that his tirade retarded, delayed, hampered, impeded or blocked the law enforcement officers in the lawful discharge of their official duties. See *Tankersley v. State,* 155 Ga. App. 917 (4A) (273 SE2d 862) (1980). The police officers' sole purpose in being at appellant's grocery store was to explain to appellant the situation at The Filling Station. Having heard the explanation from Officer Prestwood, appellant expressed his opinion thereof to Prestwood's superior officer, Lt. Fannin, and ordered the officers off his property. Opprobrious language may itself amount to criminal conduct (Code Ann. § 26-2610), and the language attributed to appellant was certainly something more than a mere disagreement or remonstrance. Nevertheless, appellant's behavior under the circumstances in this case did not amount to an obstruction of any law enforcement officers in the lawful discharge of their duties. Compare *Evans v. State,* 154 Ga. App. 381 (1) (268 SE2d 429) (1980); *Wells v. State,* supra; *Thompson v. State,* 151 Ga. App. 128 (258 SE2d 776) (1979); *Allen v. State,* 137 Ga. App. 21 (5) (222 SE2d 856) (1975); *Logan v. State,* 136 Ga. App. 567 (3) (222 SE2d 124) (1975). Accordingly, the trial court erred in denying appellant's motion for directed verdict of acquittal.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 11, 1981.

*James E. Weldon, H. J. Thomas, Jr.,* for appellant.
*Leeb Ketzky, Solicitor,* for appellee.