## 65998. JENGA v. THE STATE.

DEEN, Presiding Judge.

In March 1981, during the time of general public apprehension in Atlanta over the mass child-murders, a meeting was held at Techwood Homes, a project owned and operated by Atlanta Housing Authority, for the purpose of deciding whether the tenants should organize patrols for the protection of their children. Chimurenga Jenga, a prominent participant in the meeting, at one point stepped outside the building, holding a rifle in an upright position. He was seen by a deputy chief of the Atlanta Police Department, who directed that two nearby police officers arrest appellant.

Upon approaching Jenga, the arresting officers saw that he was wearing a shoulder holster which held a pistol. Appellant grasped and held on to a railing and had to be physically removed to a police vehicle. He was charged with carrying a weapon at a public gathering, OCGA § 16-11-127 (Code Ann. § 26-2902); carrying a pistol without a license, OCGA § 16-11-128 (Code Ann. § 26-2903); and obstructing an officer, OCGA § 16-10-24 (Code Ann. § 26-2505). At trial appellant proceeded *pro se* and was found guilty on the latter two charges. He appeals from this conviction and the sentence of 80 hours' community service, enumerating as error the court's failure to give two requested jury instructions; the denial of his motion for a new trial; and the instruction to the jury that appellant's testimony was

not to be considered as evidence. *Held:*

1. Examination of the trial transcript indicates that the court instructed the jury as follows: "The arguments and statements and remarks that were made by the solicitor and by the defendant when he was on the witness stand are intended to help you understand the evidence, and apply the law, but, of course, they're not evidence and should not be considered by you as evidence."

It is fundamental, of course, that testimony given from the witness stand, whether by the defendant or by any other competent witness, constitutes evidence. OCGA §§ 24-9-1, 24-9-20 (Code Ann. §§ 38-1603; 38-415, 38-416). If actually given as it appeared in the transcript, the instruction was an erroneous statement of the law, even though it might have resulted from a slip of the tongue. The state subsequently filed a supplemental brief, however, together with a transcript of a hearing at which defense counsel was present and at which the official court reporter for the trial stated on oath that there had been an error in transcription and that her stenographic notes read: ". . . by the defendant when he was *not* on the witness stand . . . [are] not evidence." (Emphasis supplied.) This, of course, is a correct statement of the law, and this enumeration is without merit.

2. Appellant assigns as error the court's failure to instruct the jury on accident and misfortune as a defense, and on the effect of relying on law enforcement personnel's alleged opinions. No such instruction was requested at trial, and the record discloses no evidence adduced at trial to show that misfortune or accident occurred, or just what it consisted of if it did occur. It is undisputed that appellant carried the two guns without a license, and that the pistol was carried concealed on his person. As to the reliance enumeration, the record reveals that there was no evidence beyond appellant's bare allegation that opinions were offered as to the legality of his carrying weapons. Furthermore, it is axiomatic that "[i]gnorance of the law excuses no one." OCGA § 1-3-6 (Code Ann. § 102-105).

Moreover, the case as a whole was fairly presented to the jury: the record shows that the court instructed the jury on the presumption of innocence, on the definition of a crime as a union of act and intent, on entrapment as a defense, and on the state's burden of proving each element of a crime beyond a reasonable doubt. See *Booker v. State,* 247 Ga. 74 (274 SE2d 334) (1981); *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975). Compare *DeBerry v. State,* 241 Ga. 204 (243 SE2d 864) (1978); *High v. State,* 153 Ga. App. 729, 732 (266 SE2d 364) (1980). Since the facts in evidence did not demand a *sua sponte* instruction on reliance or on accident and misfortune, this enumeration is without merit.

3. Scrutiny of the record discloses that there was sufficient evidence to authorize a reasonable trier of fact to find the defendant guilty as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980). This enumeration is therefore also without merit.

4. In view of the above, we hold that the trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED MARCH 28, 1983 — 

*Glenn Zell,* for appellant.
Chimurenga Jenga, *pro se.*
*James L. Webb, Solicitor, Deborah S. Green, Assistant Solicitor,* for appellee.