### 70084. MOCCIA v. THE STATE.
(331 SE2d 99)

DEEN, Presiding Judge.

The appellant, Richard Moccia, was convicted of obstruction of a law enforcement officer, for which he was sentenced to pay a $300 fine, 12 months' probation, 80 hours of community service, and ordered to fulfill the requirements of three Boy Scouts of America merit badges within seven months. On appeal, Moccia primarily contends that the trial court erred in failing to direct a verdict of acquittal, because the evidence was insufficient to support the conviction.

While on patrol at approximately 5:00 a.m. on March 3, 1984, Officer Robert Jones of the Cobb County Police Department observed the appellant's automobile being driven erratically, and he proceeded to stop the vehicle. The appellant's brother actually was the driver and the appellant was a passenger. The police officer testified that the appellant's brother was cooperative in consenting to a regimen of four field sobriety tests; however, after two of these tests, which the appellant's brother performed unsatisfactorily, the appellant also got out of the car and demanded to know what was going on. The officer instructed the appellant to get back into the car and that he would explain when he completed administering the tests. The appellant refused to re-enter the vehicle, and, instead, with some apparent hostility, declared that he had the right to stand where he was and a right to find out what was going on with his brother. The police officer acknowledged this, but reiterated his instruction for the appellant to get back into the car. The appellant still refused and continued to interrupt the officer's conducting the sobriety tests with his verbal demands to know what was going on.

The officer then requested a back-up unit, which arrived shortly thereafter, and, although only two sobriety tests had been performed, the officer believed probable cause existed to place the appellant's

brother under arrest for driving under the influence. The appellant was also arrested for obstructing the police officer.

Although the appellant claimed that during these verbal exchanges he had been about 30 feet from the officer, the officer testified that they stood approximately 10 to 12 feet from each other. The officer admitted that the appellant made no threats of violence or physical advance, but claimed that he had felt threatened by the situation, i.e., two men against one officer on a somewhat isolated road, the appellant's obnoxious attitude, and the suspected intoxication of both the appellant and his brother. The officer further explained that past experience had taught him that these situations were volatile and often became violent. Although, according to the officer, the appellant expressed some derogatory opinion about the police force while being transported to the police station, he had not resisted his arrest. *Held*:

OCGA § 16-10-24 provides that "[a] person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties . . ." is guilty of obstructing a law enforcement officer. This statute certainly encompasses statements by a party to a law enforcement officer which may reasonably be interpreted as a threat of violence and which amount to an obstruction or hindrance. *Dumas v. State*, 159 Ga. App. 517 (284 SE2d 33) (1981). However, mere remonstrance or disagreement does not constitute obstruction. *McCook v. State*, 145 Ga. App. 3 (243 SE2d 289) (1978). "It can hardly be said, fairly, to be resisting or opposing an officer to argue with him, unless that argument becomes violent so as to amount to something calculated to force the officer to desist." *Statham v. State*, 41 Ga. 507, 512-513 (1871).

In the instant case, the evidence was uncontroverted that the appellant made neither verbal nor physical threat of violence to the officer. The appellant was boldly obnoxious and contemptuous, but his conduct was no more interruptive or reprehensible than that of the defendant in *McCook v. State*, supra, wherein this court found the evidence insufficient to support the conviction for obstructing a law enforcement officer. Similarly, the evidence in this case was insufficient, and the trial court erred in not directing a verdict of acquittal.

*Judgment reversed. Birdsong, P. J., Sognier, Pope and Benham, JJ., concur. Banke, C. J., McMurray, P. J., Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The accusation charged that defendant committed "the offense of obstruction of officer, to wit" did knowingly and wilfully hinder R. S. Jones, a law enforcement officer, in the lawful discharge of his official duties.

"Hinder" has not been judicially interpreted by this state's appellate courts. A dictionary definition is "to injure, physically or morally; to keep back or behind; to prevent from starting or moving forward; to check; obstruct; - often followed by 'from'; to prevent or embarrass; to debar; to shut out." Webster's New Intl. Dictionary, 2d ed., Unabridged. Synonyms are "retard, delay; hamper, impede, block." Ibid.

There is evidence that defendant's perturbed refusal to get back in the car, together with his loud and "boldly obnoxious and contemptuous" language and behavior, hindered the officer by jeopardizing the control over the situation which the lone officer was trying to maintain as he attempted to investigate whether or not the driver was under the influence. This refusal, coupled with the attitude expressed by defendant in the words and demeanor and tone by which he questioned the officer, plus his own condition of apparently being under the influence, caused the officer to cease his investigative procedure of administering tests and instead, occasioned by defendant's behavior, to call a back-up unit so as not to be relegated to a defensive position. The officer testified that appellant, rather than returning to the car, "continued to interrupt while I attempted to perform the field sobriety tests on his brother." There was evidence of interference with the officer's performance of his duties in ascertaining the driver's condition. The interference was caused by defendant's testing the officer's authority and asserting his own ill-conceived authority, all of which brought the officer's testing to a halt because it constituted a threat to the officer's remaining in control of the investigation. The officer had made a reasonable request which defendant refused to comply with and instead challenged the officer's lawful investigation and the officer's attempt to conduct his business. The officer felt threatened by the scenario and discontinued testing. Defendant, in refusing to obey the precautionary instructions, and in displaying an intention to exert a superior stance and insisting on it, impeded the performance of the officer's duties.

In these circumstances, the question of whether or not defendant "hindered" the officer was properly left up to the jury, which had the witnesses before it and could hear as well as observe them, their relative size, their demeanor, and so on. *Ratliff v. State*, 133 Ga. App. 256 (211 SE2d 192) (1974). The circumstances are not identical to any of the cases cited, and each must be judged on its own merits, weighing all of the factors which combined to make up the incident. In *Jenga v. State*, 166 Ga. App. 36 (303 SE2d 170) (1983), for example, the defendant, when he was about to be arrested, "grasped and held on to a railing and had to be physically removed to a police vehicle." Id. at 36. The court found there was sufficient evidence to authorize conviction of obstruction. In that case, as here, there was evidence that the

defendant was deliberately preventing the officers from doing their job. He did not in fact stop them from arresting him, whereas Moccia did successfully block the officer's efforts to carry out the testing. Moreover, he caused an additional unit to be called, which otherwise was not necessary, thereby preventing those officers from carrying out other duties. Thus, in the instant case, not only the defendant's speech, but also his behavior in context, must be considered. It was not a mere matter of words.

What we are concerned with in a crime of this nature is the relationship between the defendant and the police officer, or more precisely, between the officer's performance of his lawful duties and the defendant's impeding him from accomplishing them.

I believe the evidence was sufficient to authorize a reasonable trier of fact to find the defendant guilty. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jenga v. State,* supra.

I am authorized to state that Chief Judge Banke, Presiding Judge McMurray, and Judge Carley join in this dissent.

DECIDED MAY 14, 1985.

*Harvey A. Monroe,* for appellant.
*Patrick H. Head, Solicitor, Jane Leib, Assistant Solicitor,* for appellee.