A09A0795. REDDICK v. THE STATE.
(679 SE2d 380)

MIKELL, Judge.

Following a bench trial, Larry Reddick was convicted of possession of cocaine, misdemeanor obstruction of an officer, and criminal trespass. He appeals, challenging the sufficiency of the evidence supporting his conviction for obstruction, and asserting that the evidence in connection with the cocaine possession charge was admitted in violation of his Sixth Amendment right to confrontation. Reddick does not challenge his conviction for criminal trespass. Finding no error, we affirm the convictions.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and [Reddick] no longer enjoys the presumption of innocence. We will not weigh the evidence nor resolve issues of witness credibility, but only determine if the evidence was sufficient to find [Reddick] guilty beyond a reasonable doubt.[1]

So viewed, the record reflects that Trasondra Williams called police after observing Reddick, a man who was well known to her, stealing pecans from property Williams rented for her nonprofit

---

[1] (Citation omitted.) *Pinkston v. State*, 277 Ga. App. 432 (1) (626 SE2d 626) (2006), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

social-aid organization. Edward Connell, then an officer with the Camilla Police Department, responded to the call; and he, too, observed Reddick picking up pecans on the property. Connell testified that he saw Reddick walk away from two other officers who had arrived at the scene, also in response to Williams's call. Connell twice asked Reddick to stop, but both times he refused and continued to walk away. Connell then walked up behind Reddick and grabbed him by the wrist. Reddick snatched his wrist away and started to walk away again. Connell and one of the other officers grabbed him and brought him over to the patrol car to talk to him. Reddick continued to struggle. The officers placed him under arrest for obstruction and put him in the back of the patrol car. Williams identified Reddick at the scene and at trial as the one who was on her property stealing pecans.

Upon his arrest, Reddick acknowledged that a backpack found at the scene belonged to him. When the contents of the backpack were inventoried by police subsequent to Reddick's arrest, a white substance was discovered therein, which later tests revealed to be cocaine.

1. Reddick's first enumerated error challenges the sufficiency of the evidence supporting his conviction for obstruction of a police officer. Reddick contends that the state failed to show that he knew that Connell was a law enforcement officer. Under OCGA § 16-10-24 (a), "a person who *knowingly and willfully* obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."[2] Thus, as one of the essential elements of this misdemeanor offense, the state must show that the defendant committed the act "knowingly and willfully."[3]

Reddick asserts that there was no evidence of a knowing and wilful obstruction. This assertion is not supported by the record. Although the evidence at trial did not show that the officers identified themselves as police officers, that they were wearing police uniforms or badges, or that the patrol car was clearly marked as a police car or had a blue light on top, other evidence in the record supports Reddick's conviction.

First, Connell testified that the officers were at the scene in a "patrol car" or a "police car." Second, according to his own testimony at trial, Reddick saw Williams get on the phone "and that's when she called the law." He then walked away and he "was already crossing the road and that's when I saw the police car was coming up." This evidence was sufficient to authorize the trial court to

---

[2] (Emphasis supplied.)

[3] *Weidmann v. State*, 222 Ga. App. 796, 797 (2) (476 SE2d 18) (1996).

conclude that Reddick knew he was dealing with law enforcement officers and that Reddick's failure to comply with Connell's request was knowing and wilful, in violation of OCGA § 16-10-24 (a).[4]

Reddick's reliance on *Evans v. State*[5] is misplaced. In that case, this Court overturned a conviction for obstruction where the evidence showed that the officer was in plain clothes, on foot, and did not identify himself as a police officer.[6] In the case at hand, Reddick himself acknowledged at trial that the officers arrived at the scene in a police car. Further, the evidence shows that Connell expressly asked Reddick to halt. Thus, those cases cited by Reddick where the police officer did not ask the defendant to halt are inapposite to the case at hand.[7]

2. In his second enumeration of error, Reddick challenges the drug identification testimony, asserting that the introduction of this testimony violated his right to confrontation under the Sixth Amendment. We disagree.

Lori Reeves, a forensic chemist with the crime lab of the Georgia Bureau of Investigation, was qualified at trial, without objection, to testify as an expert in forensic chemistry. She testified that two tests were performed on a sample of the substance taken from Reddick's backpack: a gas chromatography-mass spectrometry (GCMS) test and a thin layer chromatography (TLC) test. Both tests were positive for cocaine. On cross-examination, Reeves testified that the TLC test was performed by Patty Moore, another employee of the lab, at Reeves's direction; and that Reeves and Moore performed the GCMS test, working in tandem in accordance with the policies and procedures of the crime lab. Reeves further testified that she reviewed both the GCMS and the TLC tests to make certain they were performed in accordance with the policies of the crime lab.

Reddick asserts that Reeves's testimony shows that Patty Moore, who did not testify at trial, actually conducted the chemical identification tests unsupervised by Reeves. Therefore, Reddick contends that his Sixth Amendment right to confrontation was infringed because he did not have the opportunity to cross-examine

---

[4] See *Prather v. State*, 279 Ga. App. 873, 876 (2) (633 SE2d 46) (2006) (once officer activated patrol vehicle's blue lights, which gave defendant a visual signal to stop, defendant committed obstruction by fleeing from officer).

[5] 154 Ga. App. 381 (268 SE2d 429) (1980).

[6] Id. at 381 (1).

[7] See, e.g., *Porter v. State*, 224 Ga. App. 276, 280 (2) (480 SE2d 291) (1997) (evidence insufficient to show obstruction where suspects fled at sight of police but officers who gave chase never called out to suspects to halt). Accord *Phillips v. State*, 269 Ga. App. 619, 631-632 (11) (604 SE2d 520) (2004) (evidence insufficient to support obstruction conviction where defendant fled scene before officers told him to halt).

Moore at trial.[8] Reeves testified, however, that Moore was acting under her direction and that Reeves herself reviewed the test results. Thus, Reeves's testimony was proper, because she arrived at her own independent conclusion that the substance at issue here was cocaine, based on the GCMS and TLC test results.[9] As this Court has observed, "an expert need not testify to the validity of every step that went into the formulation of his results as a foundation for their admissibility."[10] Moreover, "an expert may base his opinion on data collected by others."[11] The fact that Reeves may have relied on lab work performed by Moore does not render Reeves's expert opinion inadmissible; instead, it presents a question for the factfinder as to the weight to be given to her testimony.[12] The trial court thus did not err in admitting Reeves's testimony.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 1, 2009.

*Ronald R. Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, J. Brian Rutland, Charles E. Rooks, Assistant District Attorneys*, for appellee.

---

[8] See *Crawford v. Washington*, 541 U. S. 36, 68-69 (V) (C) (124 SC 1354, 158 LE2d 177) (2004).

[9] See *Dunn v. State*, 292 Ga. App. 667, 671 (1) (665 SE2d 377) (2008).

[10] (Citations and punctuation omitted.) Id.

[11] (Citations omitted.) Id.

[12] See id. (expert testimony of lab supervisor, based on technician's performance of GCMS test, was admissible) (id. at 668, 671 (1)). See also *Brewer v. State*, 280 Ga. 18, 20 (2) (622 SE2d 348) (2005) ("an expert may base his opinion on hearsay; the presence of the hearsay does not mandate the exclusion of the testimony, but rather goes to the weight the testimony is to be given, which is a question for the jury") (citation omitted).