**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 10, 2014**

# In the Court of Appeals of Georgia

A14A1176. AGUIRRE v. THE STATE.                                    DO-043 C

DOYLE, Presiding Judge.

Following a jury trial, George Luis Aguirre appeals from his felony conviction for obstructing a law enforcement officer,[1] contending that the evidence was insufficient to support the conviction. For the reasons that follow, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,*[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support

---

[1] OCGA § 16-10-24 (b).

[2] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

each fact necessary to make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the evidence shows that police responded to a 911 call from a residence in Gwinnett County. According to the call, approximately seven males were outside fighting in a cul-de-sac. Two officers arrived and discovered a pile of bloody clothes and heard movement in the nearby tree line. The officers announced themselves as police and heard flight into the woods. The officers discovered hiding in the woods one suspect, who ignored commands to stop and show his hands. An officer radioed for backup, and shortly thereafter, additional officers arrived with sirens loudly blaring and blue lights flashing. The first suspect was then apprehended.

Shortly thereafter, a neighbor told an officer that she heard people moving in her back yard. Officer Jason Stafford entered her back yard to investigate, and a man, who was later identified as Aguirre, jumped over the privacy fence into the back yard. Officer Stafford loudly announced "police, don't move," several times and shined his flashlight on himself to illuminate his uniform and further identify himself as police to Aguirre. Ignoring Officer Stafford's commands, Aguirre charged him and swung his fist at him. Officer Stafford parried the blow, and Aguirre fled over an eight-foot

---

[3] (Citation omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

privacy fence as Officer Stafford unsuccessfully shot his stun gun at him. Aguirre was soon found hiding under a nearby tree and was apprehended without incident.

Aguirre was charged with one felony count of obstructing a law enforcement officer. Following a jury trial, he was convicted and sentenced as a first offender to five years, with one year to serve in prison. After the trial court denied his motion for new trial, Aguirre filed this appeal.

Aguirre contends that the evidence was insufficient to support his conviction for obstruction[4] because he was too intoxicated from consuming alcohol to know that he was being engaged by a police officer when he charged and swung at Officer Stafford. He relies on *McLendon v. State*,[5] which explained that "if the accused did not know that the sheriff was an officer of the law having the authority to [stop the accused], he could not be convicted."[6] But in that case, the sheriff made no attempt to identify himself or otherwise explain his authority to stop the horse buggy in which

---

[4] OCGA § 16-10-24 (b) provides: "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."

[5] 12 Ga. App. 691 (78 SE 139) (1913).

[6] Id. at 692.

McLendon rode. Therefore, this Court concluded that the evidence showed that McLendon did not know he was resisting a law enforcement officer in the lawful discharge of his official duties.[7]

Here, by contrast, Officer Stafford loudly yelled "police" several times to Aguirre and shined his flashlight on his uniform to identify himself to Aguirre. Also, there were police cars present in the area with flashing blue lights and loud sirens. This evidence supports a finding that Aguirre knew Officer Stafford was a police officer when Aguirre ignored Officer Stafford's orders to stop and instead charged him.[8] Further, Aguirre's argument that he was too intoxicated to be convicted is unavailing, because "[v]oluntary intoxication shall not be an excuse for any criminal act or omission."[9]

Based on the record before us, the evidence was sufficient to support Aguirre's conviction for obstruction.

---

[7] See id.

[8] Cf. *Reddick v. State*, 298 Ga. App. 155, 157 (1) (679 SE2d 380) (2009).

[9] OCGA § 16-3-4 (c). Aguirre does not argue, nor is there evidence, that his intoxication was involuntary. See also *Carter v. State*, 248 Ga. App. 139, 140-141 (2) (546 SE2d 5) (2001) (sufficient evidence to convict of obstruction despite intoxication).

*Judgment affirmed. Miller and Dillard, JJ., concur.*