33555. SMITH *v*. THE STATE.

Decided June 5, 1951.

Ralph T. Clark, George L. Goode, for plaintiff in error.
Ollie Mae Stowe, Solicitor, contra.

TOWNSEND, J. (After stating the foregoing facts.) 1. Error is assigned on the following charge of the court: "We are not trying the question of resisting an officer. The question for you to determine is whether or not an assault and battery was committed on this occasion." Error is also assigned on the court's refusal, on timely written request, to charge as follows: "I charge you that one upon whom an arrest is unlawfully being made by an officer, that such person sought to be arrested has the right to resist force with force proportionate to that being used in detaining him, and that if such arrest or attempted arrest by such an officer is unlawful, and in the progress of the transaction the officer is about to commit an injury upon the party whom he seeks to unlawfully arrest and so acts and makes a show of violence as to excite in the person sought to be arrested the fears of a reasonable man that an injury is about to be committed upon him, and such person acts under the influence of those fears, and not in a spirit of revenge, he may protect himself, although it may be necessary to injure the officer for that purpose."

The case here was made on the theory that the defendant committed an assault upon the police officer, Rickman. If this attempted arrest was illegal, the defendant had a right to resist the same, using as much force as would be necessary to do so. Mullis v. State, 196 Ga. 569 (27 S. E. 2d, 91). Obviously the defendant used no more force than was necessary to resist the arrest. It appears that he failed to use enough to effectuate this purpose, since the undisputed evidence shows that he was in fact arrested. If the attempted arrest was legal he had no right whatever to resist it; if it was illegal, he had the right to resist with all force necessary for that purpose. Yates v. State, 127 Ga. 813, 820 (56 S. E. 1017). As was held in Jenkins v. State, 3 Ga. App. 146(1) (59 S. E. 435): "If the force of resistance is not in excess of the force of invasion, and is used solely for the purpose of prevention, no offense is committed."

It is not contended by the State that the defendant used too much force to resist an illegal arrest, the contention being that he used some force to resist a legal arrest. Therefore, the very gravamen of the offense here charged is an assault upon a police officer engaged in making a *legal* arrest, since the repulsion by proportionate force of an illegal arrest does not constitute a crime.

In *Thomas* v. *State*, 91 *Ga.* 204, 206 (18 S. E. 305), it was held as follows: "No one who properly appreciates the sacredness of personal liberty and the jealousy of the law in guarding the same can doubt that as a general rule the law requires a warrant in order to render an arrest legal." See also *Porter* v. *State*, 124 *Ga.* 297 (52 S. E. 283); *Vlass* v. *McCrary*, 60 *Ga. App.* 744, 748 (5 S. E. 2d, 63). Code § 27-207 provides that an arrest without a warrant can be made by an officer of the law only (1) where the offense is committed in his presence; (2) where the offender is endeavoring to escape; or (3) where for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. There is no evidence that the defendant committed any crime in the officer's presence. The officer testified that the defendant was drunk. However, he did not testify in what manner he made his drunkenness manifest. He was also, according to the undisputed evidence, in his own home, which is not a violation of Code § 58-608 making public drunkenness a misdemeanor. See *Marshall* v. *State*, 70 *Ga. App.* 106 (27 S. E. 2d, 702). The officer stated he arrested the defendant for disorderly conduct. Disorderly conduct, however, is not a crime prescribed by state law; no city ordinance was offered in evidence, and the testimony does not disclose whether the defendant was inside or outside the city limits of Toccoa at the time. Courts cannot take judicial cognizance of the existence of city ordinances. See *McDonald* v. *State*, 152 *Ga.* 223 (109 S. E. 656). There was no evidence that the defendant was endeavoring to escape, nor does it appear there was likelihood of a failure of justice for want of an officer to issue a warrant. The evidence affirmatively shows that Officer Rickman radioed another officer to come to the home of the defendant and help him make an illegal arrest. He should have, while thus radioing, instructed the other officer to procure a

warrant before coming, so that the arrest would be legal. Thus, the evidence demands a finding that the arrest was illegal and the force used in resisting it was not in excess of the force of invasion.

It also appears that the sole defense was justification. The request submitted and refused by the trial court is a fair statement of this principle of law, couched substantially in the language of *Norton* v. *State,* 137 *Ga.* 842(3) (74 S. E. 759). A defendant is entitled to have the unlawfulness of the arrest sought to be made considered in connection with the evidence and statement as applied to this defense. *Yates* v. *State,* 127 *Ga.* 813, 820 (supra). Failure to charge on this subject under these circumstances is reversible error. *Porter* v. *State,* supra, p. 304; *Wall* v. *State,* 153 *Ga.* 309 (9) (112 S. E. 142). The trial court here not only did not give the charge as requested, but did charge that the jury was "not concerned with the question of resisting an officer." This charge, as well as the failure to charge as requested, constituted error requiring a reversal.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*