## 51275. LOGAN v. THE STATE.
## 51276. TRIPP v. THE STATE.

STOLZ, Judge.

Defendants appeal from their arrest and conviction for obstructing an officer, which resulted from their entry onto and quarrelsome presence on premises which were being searched subsequent to an arrest.

1. There is no merit in defendants' first enumeration of error. The trial judge charged the jury that "it must be shown to you beyond a reasonable doubt that the defendants knowingly and wilfully obstructed or

hindered officer Willard Fell in the lawful discharge of his official duties." The court went on to give the legal definition of "wilful" and "knowing."

The judge charged that "all who are proved to have acted as law enforcement officers, whether in uniform or not, are presumed to have been duly appointed as such and to have authority as such until the contrary appears. Proof that one acted as a law enforcement officer is prima facie evidence that he is such officer; and is lawfully discharging his official duties. Prima facie evidence is that evidence beyond which the State need not go to establish a fact which is alleged; that is insofar as the evidence is concerned, when the State has presented evidence that the person was acting as a law enforcement officer and in performance of his duties as such, you would be authorized to accept that evidence as fact; unless the evidence shall establish and disclose facts contrary to the State's prima facie evidence; that is that other evidence shall establish or disclose that the person was not a law enforcement officer and was not acting in the regular performance of duties as such." These charges do not shift the burden of proof to the defendant. They merely instruct the jury as to the minimum evidentiary requirement placed upon the state to establish its case. See *Allen v. State,* 21 Ga. 217 (68 AD 457); *Howell v. State,* 162 Ga. 14, 21 (134 SE 59).

In the instant case, the state offered evidence that the defendant had been told that the group searching the premises were police officers (T. 53). Moreover, three of the officers present testified that the defendants alternatively referred to the officers as "cops," "narcs," and "pigs" (T. 8, 20, 24, 30, 34, 53). This was sufficient to authorize the jury to find that defendants Tripp and Logan knew that the persons obstructed were law enforcement officers, and that the officers were acting lawfully and within the bounds of their official duties.

2. Where the testimony shows that the defendants impeded several officers, one of whom was the prosecutor of this action, from carrying out their lawful duties, this is sufficient to support conviction of this misdemeanor.

3. While it is true that, in order to comport with due process, the state must prove beyond a reasonable doubt

all critical elements of the crime charged (*Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267)), the state has satisfied that burden in the instant case. "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Code Ann. § 26-2505 (Ga. L. 1968, pp. 1249, 1313). Where the evidence shows that the two defendants intentionally came onto the searched premises and refused to leave after being told that the officers were conducting a search, and where the defendants' deliberately obstreperous conduct made it difficult to complete the arrest and search, the state has sufficiently set forth its case. At that point, it is within the province of the jury to determine if all critical elements of the offense have been proved beyond a reasonable doubt.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 14, 1975.

*John W. Timmons, Jr.,* for appellants.
*Ken Stula, Solicitor,* for appellee.