## 51580. PATE v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of obstructing an officer in violation of Code § 26-2505. *Held:*

1. The defendant asserts that the trial court erred in denying his motion for directed verdict of acquittal. There was evidence showing that two police officers, Mitchell and Messer, were dispatched to a private residence as a result of a call from an occupant. On arrival Messer preceded Officer Mitchell into the house. When Mitchell entered the home he found defendant and Officer Messer on the floor. One of the occupants of the house had advised the officers to get defendant "out of my house." There was also evidence that defendant was intoxicated. Officer Mitchell placed defendant under arrest but defendant refused to submit to arrest and to leave the premises. Both officers took defendant by the arms whereupon defendant struck Officer. Messer in the face with his fist. This evidence authorized the conviction. Officer Mitchell was discharging his lawful duty as he had reasonable and probable cause to believe that defendant was committing criminal trespass and public drunkenness in his presence. That authorized defendant's arrest without a warrant. Code § 27-207. There is also ample evidence to support a finding that defendant obstructed Officer Mitchell by his refusal to submit quietly to the arrest by his striking Officer Messer and thereby requiring force to be used in order to accomplish the arrest. It was not error to deny the

motion for directed verdict of acquittal.

2. There was no error in charging the jury on criminal trespass as there was evidence that defendant was subject to arrest by Officer Mitchell for this offense as well as public drunkenness.

3. Defendant's other enumerations of error contain nothing more than reiteration of his contentions and are unsupported by citation of authority or argument. These enumerations must be treated as abandoned. *Edwards v. Johnson,* 122 Ga. App. 462 (177 SE2d 490); *Edge v. State,* 117 Ga. App. 628 (161 SE2d 420).

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED FEBRUARY 17, 1976.

*Cullens, Neely, Freeman & Hawkins, William T. Elsey,* for appellant.

*David N. Vaughan, District Attorney,* for appellee.