## 59303. DIXON v. THE STATE.

SMITH, Judge.

Valerie Dixon appeals her conviction for obstruction of officers. In addition to the general grounds, appellant cites as error the trial court's allowing testimony concerning the activities of others not involving her; testimony concerning her activities subsequent to her arrest; and testimony placing her character in issue. Appellant further contends the court erred in denying her motion for a directed verdict; in giving a burden-shifting charge with regard to intention; and in charging that a Columbus, Georgia police officer was a "law enforcement officer" as the term is used in Code § 26-2505. Finally, appellant contends that the preprinted jury verdict form used by the court was impermissibly suggestive of guilt. We affirm.

There is undisputed testimony that appellant leaped upon the back of a police officer and pommeled him with her fists as he was attempting to make an arrest. The testimony conflicts, however, as to how she initially became involved in this matter.

1. Appellant assigns as error the trial court's admitting testimony concerning the activities of others not involving her. The police officers testified that they were on a vice squad detail observing prostitution activities on a Columbus street; that the subjects under observation began screaming and carrying on when the officers attempted to place them under arrest; that a crowd gathered which included appellant; that the subjects and appellant ran into a nearby club; that the subjects forcibly resisted arrest; and that appellant attempted to aid the subjects in their resistance. An essential element of the offense of obstruction of an officer is that the officer be engaged "in the lawful discharge of his official duties." Ga. L. 1968, pp. 1249, 1313 (Code § 26-2505). There was no error in the admission of this testimony for that purpose. Appellant's first

and fourth enumerations of error are without merit.

2. Although appellant was accused of obstructing only Officer D, testimony was offered showing her obstreperous behavior as to Officer T subsequent to her arrest. The trial court, however, specifically instructed the jury to disregard this testimony. Although appellant contends a motion for mistrial should have been granted, we believe the curative instruction was sufficient. The trial court did not abuse its discretion in denying appellant's motion. *Barrow v. State,* 235 Ga. 635 (8) (221 SE2d 416) (1975).

3. The police officers were undercover and therefore not in uniform. In an attempt to establish that appellant knew Officer D to be a law enforcement officer (see *Evans v. State,* 154 Ga. App. 381 (1980)), testimony was introduced to the effect that appellant had been part of a previous vice squad investigation. Appellant contends this testimony impermissibly placed her character in issue. We cannot agree. The testimony was admissible to show that appellant "knowingly" obstructed the officer. See Code § 26-2505. That such testimony may also have tended to place her character in issue did not render it inadmissible in this case. *Haas v. State,* 146 Ga. App. 729 (4) (247 SE2d 507) (1978). We note that the trial court instructed the jury that "just because the answer was that she was part of an investigation does not reflect upon her character in any way."

4. Appellant's fifth and eighth enumerations of error challenge the sufficiency of the evidence to support the verdict. We have reviewed the evidence in the light most favorable to the prosecution and conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Logan v. State,* 136 Ga. App. 567 (222 SE2d 124) (1975); see *Boyd v. State,* 244 Ga. 130 (5) (259 SE2d 71) (1979).

Appellant also contends that the subjects were being arrested under an unconstitutional city ordinance. This contention is without merit since there is no evidence that appellant herself was arrested for violating said ordinance.

5. Appellant complains of the following charge: "Now, certain presumptions of law are applicable to this case. A presumption is a conclusion which the law draws from given facts. Each of these presumptions is rebuttable; that is, they are subject to being overcome by evidence to the contrary. They are as follows: first, every person is presumed to be of sound mind and discretion, but this presumption may be rebutted; next, the acts of a person of sound mind and discretion are presumed to be the products of that person's will; a person of sound mind and discretion is presumed to intend the natural and probable consequences of his act, but these presumptions may be rebutted." Citing Sandstrom v. Montana, 442

U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), appellant contends that this charge placed an unfair burden on her in violation of the Fourteenth Amendment's Due Process Clause. The court also charged: "A person will not be presumed to act with criminal intent, but the trier of facts, and that is you, the jury, may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted . . . The burden in the case rests upon the State to prove beyond a reasonable doubt that the Defendant is guilty of the offense for which she is charged."

In Sandstrom, the Montana court charged that " '(t)he law presumes that a person intends the ordinary consequences of his voluntary acts.' " Id. at 513. Here, however, the court charged that *criminal* intent is not presumed. Further, the jury was instructed that the State had the burden of proving appellant guilty beyond a reasonable doubt and that the presumptions complained of were rebuttable. Viewing the charge as a whole, we conclude that reasonable jurors would not have interpreted the presumptions as being conclusive or as shifting the burden of persuasion to appellant. *Franklin v. State,* 245 Ga. 141 (8) (263 SE2d 440) (1980).

6. The court charged as follows: "I charge you that a Columbus, Georgia police officer is a law enforcement officer within the definition contained in the Code of Georgia." Appellant contends that this charge is an erroneous statement of law and improperly freed the State from having to prove all the critical elements of the crime charged. Notwithstanding that the Code does not provide a definition for "law enforcement officer," appellant's contention is without merit. The burden of proving that Officer D was in fact a "law enforcement officer" as mandated by Code § 26-2505 was not diminished by this instruction since the State was still required to prove he was a police officer with the Columbus Police Department. See *Logan,* supra.

7. Appellant's final enumeration cites as error the court's use of the following preprinted jury verdict form: "We, the jury, find the Defendant [blank] guilty." Appellant contends that this form was impermissibly suggestive of guilt and that the rights of appellant were prejudiced by its use. We disagree. The court "correctly and adequately charged the jury on the presumption of innocence and burden of proof. Additionally, the instructions as to the form of the verdicts the jury could return were correct. The printed forms were provided merely for the convenience of the jury and in our opinion did not intimate any opinion on guilt or innocence as the jury clearly understood their verdict was to be based on the evidence in the case. [Cit.]" *Jackson v. State,* 237 Ga. 663, 664 (229 SE2d 345) (1976). Our

holding to the contrary in *Perkins v. State,* 151 Ga. App. 199 (259 SE2d 193) (1979) is an incorrect statement of the law and will not be followed. *Chance v. State,* 154 Ga. App. 543 (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED JUNE 11, 1980.

*James A. Elkins, Jr.,* for appellant.
*Robert G. Johnston, Solicitor,* for appellee.