## 63559. BROWN v. THE STATE.

POPE, Judge.
John D. Brown appeals his conviction of obstruction of a law enforcement officer. Viewed in a light most favorable to upholding the verdict, the evidence at trial showed that on December 6, 1980, at approximately 1:40 a.m., Officer Richard Norton of the Clarke County Police Department was on patrol when he observed a car approaching without headlights. He turned his blue lights on and pulled in behind the car, at which point the car accelerated to a high rate of speed and ran a stop sign. The officer pursued the car down the road to a house and pulled in behind at an angle, whereupon one Ayear Brown emerged from the car, looked at the officer and ran into the house.

After calling for back-up units and while waiting for assistance to arrive, Officer Norton observed Ayear come onto the back porch of the house. The officer attempted to go toward the suspect, but the suspect fled into the house and went to the front door.

At this point defendant emerged from the house and approached the officer, demanding an explanation. The officer explained to defendant that he was pursuing Ayear, who was now standing behind defendant. Norton informed Ayear that he was under arrest for attempting to elude and for driving without

headlights and tried to take him into custody, but the defendant stepped in front of him every time he attempted to approach Ayear.

At this time another uniformed officer arrived and Ayear retreated into the house. Defendant blocked the doorway, pushing both officers back whenever they attempted to go around and demanded a search warrant. It was necessary for Officer Norton to strike defendant with a flashlight so that the second officer could get around him to complete the arrest. There was a further scuffle inside, and defendant had to be restrained while Ayear was being removed.

A third officer arrived and the three attempted to subdue defendant while he was trying to get to Ayear. Five officers finally succeeded in handcuffing the approximately two-hundred and sixty pound defendant by the use of two sets of handcuffs because of his size.

Defendant testified at trial that he thought Ayear had been in bed and asleep. He repeatedly asked the officers whether they had a warrant. He did not realize that Ayear had been out of the house that night or that Officer Norton had been pursuing him or that anything had happened which would justify the officers' entry into his home.

1. Defendant was convicted of violating Code Ann. § 26-2505: "A person who knowingly obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Defendant argues that the state failed to prove that Officer Norton was engaged in lawful activity in attempting to enter his home in order to arrest Ayear.

" '(A)bsent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant.' " *Thompson v. State,* 248 Ga. 343 (1) (285 SE2d 685) (1981), citing Steagald v. United States, 451 U. S. 204, 214 n. 7 (101 SC 1642, 68 LE2d 38) (1981). However, "[a] suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place." United States v. Santana, 427 U. S. 38, 43 (96 SC 2406, 49 LE2d 300) (1976). Since the arrest of Ayear in defendant's house was based upon Officer's Norton's "hot pursuit" of the subject, such arrest was a lawful activity. *Martasin v. State,* 155 Ga. App. 396 (2) (271 SE2d 2) (1980); Annot., 76 ALR2d 1432 § 2b.

2. In light of the uncontroverted evidence of record showing Officer Norton's hot pursuit of Ayear, the trial court did not err in refusing to give a charge which would have permitted the jury to consider the issue of whether there existed "exigent circumstances" justifying the warrantless intrusion into defendant's house.

3. Defendant contends that the trial court erred in refusing to charge as to mistake of fact (Code Ann. § 26-705) and also as to the use

of force in defense of habitation (Code Ann. § 26-903). Defendant testified, "The first time I saw the police was when I come out of my bedroom and I saw Lieutenant Norton at the door, that's when I blocked the doorway." He testified further, "Okay, I asked him what he want, and he wouldn't give me no idea. He said I'm coming in there for someone. I said for who, he says I want that man; I said what you want him for, do you have a search warrant or something. And so he still won't give me no kind of a answer about that." Defendant also stated, "Okay, we just kept on talking there and soon he hit me with a flashlight."

It is clear from this testimony that defendant was aware that the police were attempting to enter his home to arrest Ayear. Defendant's only concern was whether the police officer had the *lawful authority* to enter the house to apprehend the subject. This was not a misapprehension of fact as contemplated by Code Ann. § 26-705 but was instead a misapprehension of the law. Therefore, the trial court did not err in refusing this charge. Furthermore, since the entry by the officers was lawful, the refusal to charge Code Ann. § 26-903 applicable to unlawful entry was not error.

4. Defendant also enumerates as error a rather extensive portion of the charge. Accordingly, we will recite only these portions thereof necessary to discuss the issues raised.

(a) The trial court charged that Officer Norton had "reasonable cause" to arrest Ayear, and that in doing so he was in performance of his duties as a police officer for Clarke County, Georgia. In light of our discussion in Divisions 1 and 2 of this opinion, this charge was not error.

(b) The court charged: "Proof that one acts as a law enforcement officer is prima facie evidence that he is such officer, and is lawfully discharging his official duties. Now prima facie evidence is that evidence beyond which the State need not go to establish the fact alleged. That is insofar as the evidence is concerned when the State has presented evidence that the person [Officer Norton] was acting as a law enforcement officer and was in performance of his duties as such, you would be authorized to accept that evidence as fact unless other evidence shall establish and disclose facts contrary to the State's prima facie evidence. That is that other evidence shall establish or disclose that the person was not a law enforcement officer and was not acting in the regular performance of his duties as a law enforcement officer."

The foregoing charge is not objectionable on the ground that it impermissibly placed the burden of proof (persuasion) on defendant by creating a mandatory or conclusive presumption that at the relevant time Officer Norton was (1) a law enforcement officer and

(2) engaged in the lawful discharge of his duties. See generally *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981); *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241) (1976). Rather, this charge merely instructs the jury that they are permitted to accept as fact the state's evidence relating to these issues, unless such evidence has been contradicted. See *Graham v. Marks & Co.,* 98 Ga. 67, 70 (25 SE 931) (1895); see also *Americus Grocery Co. v. Pitts Banking Co.,* 169 Ga. 70 (3) (149 SE 776) (1929), overruled on other grounds, *Marion County v. First Nat. Bank,* 193 Ga. 263 (18 SE2d 475) (1942); *Allen v. State,* 21 Ga. 217 (2) (1857); Code Ann. §§ 38-113; 38-118.

(c) The court charged that the validity of Ayear's arrest was not a material issue in defendant's case "so long as the officer was acting under and within the scope of his authority as such officer when the incident occurred." This charge is followed by an elaboration thereon.

A police officer discharges his lawful duty when he arrests an individual who has committed a crime in his presence; i.e., the officer has reasonable and probable cause for such arrest. *Pate v. State,* 137 Ga. App. 677 (1) (225 SE2d 95) (1976). Conversely, a police officer is *not* discharging his lawful duty when he arrests an individual without reasonable or probable cause. We agree with defendant that this portion of the charge suffered from some lack of clarity. Nevertheless, when this portion of the charge is considered in connection with the charge as a whole on this subject, such portion is not so misleading as to constitute reversible error.

(d) Finally, the court charged: "I further specifically charge you that John D. Brown was not entitled to have any law enforcement officer to go and get a search warrant in order for that officer to perform his duties on taking into custody Ayear Brown." Defendant argues that this charge invaded the province of the jury and was contrary to the holding in Steagald v. United States, supra. However, in light of our discussion in Divisions 1 and 2 of this opinion, these arguments have no merit.

5. The evidence in this case was sufficient to enable any rational trier of fact to have found defendant guilty of obstruction of a law enforcement officer beyond a reasonable doubt.

*Judgment affirmed. Quillian, C. J., McMurray, P. J, Shulman, P. J., Banke and Birdsong, JJ., concur. Deen, P. J., Carley and Sognier, JJ., dissent.*

DECIDED JULY 15, 1982 —
REHEARING DENIED JULY 26, 1982 —

*John K. Larkins, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.

DEEN, Presiding Judge, dissenting.

In view of the fact that Brown, not Ayear, is on trial, and that Brown's knowledge of Ayear's activities is a seriously controverted issue, it was error in my opinion to refuse a jury instruction which would have permitted the jury to consider whether there were in fact exigent circumstances justifying the warrantless intrusion into the defendant's home. Further, the house was at the time in question completely surrounded by police officers, and it is not seriously contended that Ayear could have escaped while a search warrant was being obtained.

This was, in my opinion, a denial of the defendant's fair trial rights which washed out his mistake of fact defense by refusing a charge on this issue. The jury should at the very least have had a right to choose between the state's testimony that the situation had been explained to Brown, and Brown's testimony that it had not.

Where there is neither consent nor exigent circumstances, even the routine arrest of a felon a short period of time after the commission of the crime and in his own home is constitutionally unreasonable without a warrant. *Thompson v. State,* 248 Ga. 343 (285 SE2d 685) (1981).

I respectfully dissent. I am authorized to state that Judge Carley and Judge Sognier concur in this dissent.