73063. KIGHT v. THE STATE.
(354 SE2d 202)

POPE, Judge.

Woodrow R. Kight, Jr. was indicted on two counts of obstruction of an officer, two counts of simple battery, and one count of criminal trespass. The jury returned a verdict of guilty on one count of obstruction of an officer and a verdict of not guilty on the other obstruction count and on one count of simple battery. The jury was unable to reach a verdict on the criminal trespass count and on the other count of simple battery. Upon the trial court's denial of his motion for new trial, appellant brings this appeal.

Viewing the facts in a light most favorable to support the verdict, the record reveals that appellant and his wife were in consultation with an attorney for the purpose of drafting a settlement agreement for divorce when it became apparent that they could not reach an agreement as to the settlement terms. The testimony is conflicting as to whether or not appellant prepared to leave the offices peacefully. However, it is uncontroverted that the attorney instructed his secretary to telephone the police. Two police officers responded to the telephone call and arrived at the law offices within minutes. The attorney stated, "Remove this man from my premises." Officer Palmer requested the appellant to leave. When he refused to leave, Officer Palmer then placed him under arrest. The two officers escorted appellant into the hall of the law offices, where appellant began to hit the officers and struggle to free himself. Appellant hit Officer Palmer on

or about the face and broke Officer Reid's nose before he was subdued.

1. Appellant contends that the trial court erred in denying his motion for new trial. This enumeration is based on appellant's contention that the jury's failure to reach a verdict on the count of criminal trespass is inconsistent with the verdict of guilty on the count of obstruction of an officer. Appellant contends that as a prerequisite to a finding that he obstructed an officer in the discharge of his official duties, the jury must find that he was guilty of criminal trespass. We disagree.

OCGA § 16-10-24 states: "A person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." "It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties." *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985). Therefore, it was unnecessary for the State to prove that appellant was guilty of criminal trespass in order to prove him guilty of obstruction of an officer. In any event, the inconsistent verdict rule in criminal cases has been abolished in this state. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). This enumeration of error provides no ground for reversal.

2. Appellant's next four enumerations of error challenge certain aspects of the trial court's charge to the jury. However, the record discloses that upon inquiry by the trial court as to any objections to the charge, appellant's trial counsel neither objected nor reserved the right to later object, and under such circumstances, appellant has waived the right to raise these issues on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980).

3. Lastly, appellant argues that the attorney who represented him at trial was "grotesquely inadequate." In order to prevail on this contention, appellant "must show both that counsel's performance was deficient and that this deficiency prejudiced the defense." *Gabler v. State*, 177 Ga. App. 3, 5 (338 SE2d 469) (1985); *Brogdon v. State*, 255 Ga. 64 (3) (335 SE2d 383) (1985); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Appellant's contention that trial counsel did not "specialize" in criminal law is unsupported by the record. Further, this is not a valid ground on which to show ineffective assistance of counsel. Next, his contention that trial counsel should have objected to the consulting attorney's testimony based on the attorney-client privilege is without merit in that the evidence showed that the attorney had been employed only by appellant's wife, not by appellant. See *Bank of*

*Lumpkin v. Farmers State Bank,* 161 Ga. 801 (4) (132 SE 221) (1926). Finally, appellant fails to show that other alleged indicia of defective performance, including failure to object to the trial court's charge, prejudiced his defense. Accord *Tutton v. State,* 179 Ga. App. 462 (4) (346 SE2d 898) (1986). We find, therefore, that appellant's assertion of ineffective assistance of counsel is devoid of merit. See *Walden v. State,* 173 Ga. App. 478 (2) (326 SE2d 838) (1985); *Spence v. State,* 163 Ga. App. 198 (1) (292 SE2d 908) (1982).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 25, 1987.

*Francis Stubbs,* for appellant.

*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.