## 76504. BANKS v. THE STATE.
(370 SE2d 38)

CARLEY, Judge.

After a bench trial, appellant was found guilty of trafficking in cocaine, possession of less than one ounce of marijuana, and felony obstruction of a police officer. He appeals from the judgments of con-

viction and sentences entered by the trial court on its findings of guilt.

1. Appellant enumerates as error the trial court's denial of his motion to suppress.

At the hearing on appellant's motion, the State introduced the following evidence: Appellant arrived at Atlanta's Hartsfield International Airport as a passenger on a flight from Miami. Miami is a known drug source city. Previous to appellant's arrival, Atlanta agents of the Federal Drug Enforcement Administration (DEA) had been notified by DEA agents in Miami that a Mr. Brown had purchased, under suspicious circumstances, a one-way ticket from Miami to Raleigh via Atlanta. Brown had paid for the ticket in cash and had listed a Miami hotel as the location of his call-back number. The Atlanta DEA agents called the number given by Brown and discovered that, contrary to Brown's information, it was not the number of a hotel. Based upon the description of Brown supplied by the DEA agents in Miami, two Atlanta DEA agents approached appellant in a casual manner as he deplaned. The agents displayed their credentials to appellant and identified themselves as police officers. One agent asked if appellant would speak with him, and appellant agreed. The agent then asked to see appellant's airline ticket, and appellant retrieved the ticket from a small tote bag which he was carrying. The agent testified that the name listed on the ticket was Greg Brown and that there were no luggage claim checks affixed to the ticket. Appellant stated that his name was Greg Brown but he could produce no identification whatsoever. Appellant became very nervous during the conversation and experienced a noticable difficulty in breathing. Appellant stated that he was without identification because he had lost his wallet. Appellant then spontaneously offered conflicting explanations concerning his purchase of the ticket. Without any mention by the agents of the tote bag, appellant suddenly stated that it did not belong to him but belonged to a Jamaican woman who had been seated a few rows in front of him on the flight from Miami. As a result of appellant's suspicious behavior, the two agents asked appellant to accompany them for further discussion of the situation. Appellant did not indicate that he wished to discontinue the conversation and started to accompany the two agents. However, he suddenly turned and bolted into a run. He was then seized and placed under arrest. In a subsequent search of appellant's person and the tote bag which was conducted pursuant to his arrest, the agents discovered a small quantity of marijuana and over 250 grams of cocaine.

Appellant urges that his motion to suppress the evidence seized during the search should have been granted on the ground that there existed no probable cause for his arrest by the agents. "Probable cause need not be defined in relation to any one particular element,

but may exist because of the totality of circumstances surrounding a transaction. [Cits.] . . . [F]light in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. [Cits.]" *Cook v. State*, 136 Ga. App. 908, 909 (1) (222 SE2d 656) (1975). Appellant's flight from the agents, in conjunction with the existence of the numerous other suspicious circumstances to which the arresting agents testified (see generally *State v. Reid*, 247 Ga. 445 (276 SE2d 617) (1981)), provided sufficient probable cause for appellant's arrest and the search pursuant to that arrest was, therefore, lawful. See *Rasnake v. State*, 164 Ga. App. 765 (1) (298 SE2d 42) (1982). Accordingly, the trial court did not err in denying appellant's motion to suppress.

2. Appellant enumerates the general grounds. With respect to both of his convictions for possession of contraband, appellant's enumeration of the general grounds is predicated primarily upon the hypothetical exclusion from the record of such evidence as would have resulted from the grant of his motion to suppress. Our holding in Division 1 sufficiently disposes of such contentions. The contraband was not erroneously admitted into evidence and the proof of appellant's unlawful possession thereof was sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Appellant's conviction for obstruction of a police officer was based upon an incident which occurred after his arrest. As the agents were making an inventory of the items seized in their search, appellant grabbed a piece of evidence and placed it in his mouth. By doing so, appellant's apparent purpose was to destroy the evidence. When the agents attempted to prevent the destruction of the evidence, appellant attacked them. He swung at the agents with the metal chair to which he had been handcuffed. Appellant urges that, on this evidence, his conviction for obstruction of a police officer would not be authorized because, in using the chair as a weapon, he was merely acting in self-defense against the agents' unprovoked attack which was not in the "lawful discharge of [their] official duties." OCGA § 16-10-24 (b). However, the evidence authorized a finding that the agents' actions did not constitute an unprovoked attack upon the appellant, but an attempt by them to retrieve and preserve the evidence which appellant was attempting to destroy. The retrieval and preservation of evidence being an act "in the lawful discharge of [the agents'] duties," appellant's attack upon them authorized a finding that he had violated OCGA § 16-10-24 (b).

Our review of the entire record reveals that, based upon the evidence produced at trial, a rational trior of fact could reasonably have found appellant guilty beyond a reasonable doubt of all three of the crimes of which he was convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided May 27, 1988.

Lawrence L. Aiken, for appellant.
Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, for appellee.