## 77367. BAILEY v. THE STATE.
(379 SE2d 816)

BENHAM, Judge.

Viewing the evidence in a light most favorable to the verdict, the trial court, sitting without a jury, was authorized to find that on February 25, 1988, Clayton County police officer Jenny Massengale, wearing street clothes, had just left work in her civilian vehicle. As she proceeded in a northeasterly direction on Mt. Zion Boulevard, appellant, Michael Norman Bailey, raced up behind her in his vehicle, flashing his headlights and nearly rear-ending her. Appellant passed Officer Massengale's vehicle and stopped; he then backed his vehicle toward her vehicle, stopping short of contact, before pulling his vehicle off the side of the road. Officer Massengale stopped, exited her vehicle, and shouted, "I am a police officer. Please step out of the vehicle." Appellant departed in his vehicle, passing through a four-way stop sign. Massengale radioed for a marked vehicle to stop appellant. She then followed appellant to a Drexel Lane address where she once again informed him she was a police officer, showed him her badge, and requested him to furnish some identification. Ignoring Massengale's request, appellant went into the house and refused to come out. After other officers arrived, repeated unsuccessful attempts were made to coax appellant to the door. Appellant's car was impounded because the computer showed that the address of the tag application did not match the Drexel Lane address. Massengale swore out a warrant for obstruction of an officer, and appellant surrendered. In a bench trial, appellant was found guilty of obstruction of an officer, and this appeal follows.

Appellant contends that the evidence was insufficient to support a conviction of obstruction of an officer. The offense is defined in OCGA § 16-10-24 (a) as follows: "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." The evidence was sufficient to support a finding that appellant knew Officer

Massengale was a law enforcement officer, since she identified herself and showed appellant her badge at his home. It also authorized a finding that Officer Massengale was in the lawful discharge of her duties since she personally observed appellant driving in a reckless manner. *Duncan v. State*, 163 Ga. App. 148 (1) (294 SE2d 365) (1982).

The only issue left for determination is whether appellant knowingly and wilfully obstructed or hindered Officer Massengale, who testified that she based her obstruction charge on appellant's refusal at his home to provide her with identification. In *Hudson v. State*, 135 Ga. App. 739 (2) (218 SE2d 905) (1975), we held that a factfinder could find that refusal to provide identification to an officer could hinder the officer in the execution of the officer's duties.

In the instant case, the only response appellant made after the officer identified herself for the second time and requested his identification was that he "was not impressed." The trial court was authorized to find that appellant's refusal to identify himself was not merely discourteous, it actually hindered and obstructed Officer Massengale in her investigation of the reckless driving and stop-sign violation. Therefore, applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense of obstruction of an officer.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989

*John L. Watson, Jr.*, for appellant.
*John C. Carbo III, Solicitor, Jackie N. Stanton, Assistant Solicitor*, for appellee.