## A89A1230. POWELL v. THE STATE.
### (385 SE2d 772)

SOGNIER, Judge.

Eric Powell was indicted on the felony charge of obstructing a law enforcement officer under OCGA § 16-10-24 (b) and was convicted of the lesser misdemeanor offense of obstruction of an officer under OCGA § 16-10-24 (a). He appeals.

Construing the evidence to support the verdict, the jury was authorized to find that while appellant, an inmate at the Georgia Industrial Institute, was taking his regularly scheduled shower along with several other inmates, appellant began cursing the guards, particularly Officer Randy Kelly, with whom appellant was upset because of an earlier disciplinary report Kelly had written. Appellant was ordered to leave the shower and Kelly then escorted appellant back to his cell. Upon reaching the cell, however, appellant refused to enter and hit the officer, pushing him up against a cabinet inside the cell. Another officer came to Officer Kelly's rescue and tried to handcuff appellant, who broke away and ran out of the cell, but was shortly thereafter apprehended.

1. Appellant asserts in his first enumeration that his acquittal on the felony offense of obstruction of an officer, which, unlike the misdemeanor offense, requires threat or use of violence, see OCGA § 16-10-24, indicates the evidence was insufficient to support his conviction. *"Milam v. State,* 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), abolished the inconsistent verdict rule in criminal cases. Thus, the sole question is whether the evidence was sufficient under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It was." *Stephens v. State,* 185 Ga. App. 825 (1) (366 SE2d 211) (1988).

2. Appellant contends the trial court erred by failing to charge his requested charge no. 4 that "[w]here Defendant made neither verbal nor physical threat or violence to the officer but was merely obnoxious and contemptuous, the evidence was insufficient to support a conviction for obstructing a law enforcement officer." Appellant apparently

adopted this "charge" from the annotated entry under OCGA § 16-10-24 for *Moccia v. State*, 174 Ga. App. 764 (331 SE2d 99) (1985). In the case sub judice, while there is evidence that appellant cursed Officer Kelly, there is also evidence that appellant, by refusing to obey Kelly's order to enter his cell and subsequently running from his cell away from Kelly and an assisting officer until caught by a third officer, took nonviolent actions which prevented Officer Kelly from performing his duties. Thus the charge requested would have required the jury to ignore this evidence and acquit appellant solely on the basis of appellant's allegedly non-threatening verbal behavior.

It is well established that a requested charge need not be given unless it embraces a correct and complete principle of law, *Daniels v. State*, 183 Ga. App. 222, 223 (2) (358 SE2d 637) (1987), is not argumentative, *Ferry v. State*, 161 Ga. App. 795, 800 (6) (287 SE2d 732) (1982), and is adjusted to the facts. *Price v. State*, 175 Ga. App. 780, 783 (2) (334 SE2d 711) (1985). We find no error in the trial court's failure to give appellant's requested charge.

3. We find no merit in appellant's contention that the State failed to prove the authority of the officer to take the actions which appellant obstructed. Officer Kelly testified that he was employed at the Georgia Industrial Institute as a Correctional Officer and that his duties include being in charge of security and maintaining control over the inmates as well as seeing to the welfare of the inmates. There was evidence that one of the officers' duties was to accompany the inmates to the showers to ensure that no problems would arise. Both Kelly and a fellow officer testified that appellant's behavior in cursing and verbally harassing Officer Kelly became a problem and that appellant was "getting out of control," which is why Kelly determined it was necessary to return appellant to his cell. This evidence was sufficient to authorize the jury to find the essential element under OCGA § 16-10-24 that Officer Kelly was engaged "in the lawful discharge of his official duties." See generally *Dixon v. State*, 154 Ga. App. 828 (1) (269 SE2d 909) (1980); *Carr v. State*, 176 Ga. App. 113, 114-115 (1) (335 SE2d 622) (1985). We do not agree with appellant that the State could prove that Officer Kelly was executing a lawful act only by producing the administrative rules of the State Board of Corrections which governed Officer Kelly's behavior. Since the cases cited by appellant all involve unincarcerated citizens alleged to have obstructed law enforcement officers outside of a penal institution environment, we find them inapposite to the case sub judice.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989.

690

*J. Edward Staples, Jr.*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.