A90A1289. VAUGHN v. THE STATE.
(398 SE2d 836)

POPE, Judge.

Defendant Tommy Vaughn was convicted of obstruction of an officer (misdemeanor). On appeal, his sole enumeration of error is that the evidence was insufficient. *Held*:

We affirm. On appeal, the evidence is viewed in the light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849) (1988). The record shows that police were called about a domestic disturbance at the home of Vaughn and his wife Judy. The caller told the police dispatcher that the man had a knife and was drunk. Before officers could get to the house, the police dispatcher received a second call asking police to cancel the call for help. The police decided to stop at the house and make sure everything was all right. Lt. Storey of the Whitfield Sheriff's Department arrived at Vaughn's house and was backed up by Officer Wilcoxen. Lt. Storey knocked on the door and was invited in by Judy Vaughn. He asked if there was a problem. Judy Vaughn told him everything was okay and Tommy Vaughn told him that the guy causing the problem had left. Judy Vaughn then attempted to tell Lt. Storey "what really happened" and Tommy Vaughn began to shout and curse the officer. Lt. Storey asked Vaughn several times to be quiet so he could hear Judy Vaughn. Vaughn refused and continued to shout and curse so loudly that Lt. Storey could not hear. He then advised Vaughn that he was under arrest for disorderly conduct pursuant to county ordinance. When Lt. Storey tried to place Vaughn under arrest, Vaughn violently resisted and it took both officers several minutes to subdue him.

Vaughn argues that the evidence supporting the conviction is insufficient because the State failed to prove the county ordinance which Lt. Storey told Vaughn authorized his arrest for disorderly conduct. Consequently Vaughn contends the State cannot show that the officer was in the lawful discharge of his official duties at the time of his arrest. We note that Vaughn apparently was not charged with disorderly conduct. Nonetheless, we agree with the State that Lt. Storey was in the lawful discharge of his duties in trying to investigate the complaint of domestic violence and to ensure that everything was all

right at the house and that Vaughn knowingly and wilfully hindered that effort by shouting and cursing so that the officer could not hear what Judy Vaughn was saying. Thus, the offense of obstructing an officer was complete at that time and the officer was authorized to make the warrantless arrest. See *Patterson v. State*, 191 Ga. App. 359 (1) (381 SE2d 754) (1989).

The present case is distinguishable from *Smith v. State*, 84 Ga. App. 79 (65 SE2d 709) (1951), cited by Vaughn. In *Smith*, police were summoned to Smith's residence by his daughter who told them he was drunk. When the officer arrived and inquired about the problem, Smith's wife told him her husband had arrived home drunk and "jumped on her" and that she wanted him in jail. During this, Smith merely stood in his door. The officer then attempted to arrest him for public drunkenness, disorderly conduct and resisting an officer. The court in *Smith* found the evidence insufficient to support a conviction of assault and battery and held that the initial arrest was unlawful and that Smith was justified in resisting it. Vaughn cites *Smith* for the proposition that the State must plead and prove a crime committed pursuant to county ordinance. However, as the State points out, it is irrelevant in the present case that the officer on the scene said he was arresting Vaughn for disorderly conduct when, in fact, Vaughn's actions constituted obstruction of an officer. This is the distinguishing factor from *Smith*, supra. In *Smith*, the court analyzed the facts and found that no state offense had been committed and no local offense had been proved.

Vaughn, having committed the offense of obstruction of an officer in the officer's presence, was subject to warrantless arrest. *Waits v. State*, 172 Ga. App. 524 (1) (323 SE2d 624) (1984). Vaughn's actions in resisting arrest also constituted obstruction of an officer. The evidence was sufficient to enable a rational trier of fact to find Vaughn guilty beyond a reasonable doubt.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED NOVEMBER 14, 1990.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.