A91A0850. HALL v. THE STATE.
(411 SE2d 274)

BANKE, Presiding Judge.

Hall appeals her convictions of obstruction of a law enforcement officer, disorderly conduct, and driving with an expired license and improper taillights.

A Clayton County police officer activated the blue lights on his marked police car to stop the appellant's vehicle after observing that it was being operated without taillights at 1:12 a.m. The stop occurred in the City of Forest Park. As the officer was radioing his location, the appellant exited her car, approached the driver's side door of the police car, and exclaimed through the partially opened window: "Why did you stop me? I wasn't speeding, I've done nothing wrong. The only reason you stopped me is because you're a male chauvinist pig." She thereafter ignored repeated requests by the officer to produce her driver's license and began walking back towards her car, whereupon the officer grabbed her by the arm and again demanded that she produce her license. When she refused, he attempted to place her under arrest for obstructing an officer and operating her vehicle without proper taillights. According to the officer, she pulled away from him and attempted to hit him, requiring him to push her against the vehicle in order to handcuff her. *Held*:

1. The appellant challenges the sufficiency of the evidence to support her conviction of obstruction of an officer. The offense consists of "knowingly and willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties. . . ." OCGA § 16-10-24 (a). The evidence was clearly sufficient to show that the

officer was acting in the lawful discharge of his official duties when he stopped the appellant's vehicle for the offense of driving an improperly equipped vehicle. See OCGA §§ 40-8-7 and 40-8-23. "Whether the actions of a defendant actually had the effect of hindering or impeding the officer is a decision for the trier of fact." *Patterson v. State*, 191 Ga. App. 359 (1) (381 SE2d 754) (1989). "[A] factfinder could find that refusal to provide identification to an officer could hinder the officer in the execution of the officer's duties." *Bailey v. State*, 190 Ga. App. 683, 684 (379 SE2d 816) (1989). It follows that the evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of obstruction of an officer. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We agree with the appellant that her conviction and sentence for the offense of disorderly conduct under OCGA § 16-11-39 (3) must be reversed, inasmuch as the statute prohibiting such conduct was declared unconstitutional by the Georgia Supreme Court prior to the entry of the judgment of conviction. See *Satterfield v. State*, 260 Ga. 427 (395 SE2d 816) (1990).

*Judgment affirmed in part and reversed in part. Carley and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 27, 1991 —

*James W. Studdard*, for appellant.
Catherine R. Hall, *pro se*.
*Keith C. Martin, Solicitor*, for appellee.