A92A1295. WAGNER v. THE STATE.
(424 SE2d 861)

BIRDSONG, Presiding Judge.
Julius Wagner appeals his conviction for obstruction of an officer.

He contends the evidence is insufficient because there was no evidence that the officer was acting "in the lawful discharge of his official duties." OCGA § 16-10-24 (b).

The indictment charged appellant with obstruction "by physically resisting a lawful arrest." The State's evidence shows that Officer Roach went in a Shoney's restaurant in answer to a call. He spoke with an employee and then approached appellant, who was sitting at a table, and asked him to come outside. Appellant was eating; the officer asked him a second time to come out. Appellant finished swallowing his tea and got up and walked outside. Thirty to forty seconds elapsed from the time the officer approached him until he went outside; he had given the officer no trouble. In the parking lot, the officer asked appellant his name. With an expletive, appellant refused. The officer said, "Sir, just tell me your name." Appellant's response was the same. Although the officer saw no weapons, he asked appellant to put his hands on the top of the patrol car. Appellant complied. The officer patted him down but found no weapons, then opened the car door and asked appellant to get in. At this point appellant "got violent," and a struggle ensued. The officer testified appellant was under arrest for "disorderly conduct" when he asked him to get in the police car.

The only other witness was a patron in the restaurant. Appellant was sitting ten or twelve feet from him. A couple sitting behind appellant moved to another table. Appellant walked toward the salad bar and told the waitress not to clean the table off, that he would be right back. He went outside and leaned into a car and came back in and sat down and continued eating; then the officer came in and talked to the hostess; then he approached appellant and asked if he would mind stepping outside. Nothing unusual occurred inside the restaurant between appellant and the officer. Once they got outside, they appeared to be talking civilly at first; then there was a heated exchange and appellant began shoving the officer.

After appellant was taken to jail, he told the officer "that he had been drinking vodka that day." But, there is no evidence anybody thought appellant was drunk or that such was the reason he was removed from the restaurant. The officer had no warrant for his arrest. During deliberation the jury asked the court why the officer came to the restaurant, but the court told the jury it could not help them. Later the jury asked the definition of lawful arrest and asked whether a person could be arrested without being told he was under arrest.
*Held*:

There is no evidence of any disorderly conduct prior to the arrest for disorderly conduct. The State contends that the fact that an officer was called to a place and spoke to a complainant proves he was in the lawful discharge of his official duties. The State's position is

that no reason need be given for police action in an obstruction prosecution, and no evidence of criminal activity and no proof of lawful police purpose are required before a citizen may be accosted and searched for weapons and his name demanded; and moreover, that he has no right to resist. This is not the law. "If the . . . arrest was legal he had no right whatever to resist it; if it was illegal, he had the right to resist with all force necessary for that purpose." *Smith v. State*, 84 Ga. App. 79, 81 (65 SE2d 709).

The jury was puzzled as to why the officer accosted appellant; as no explanation was forthcoming, they had to assume the State did not have to give one. This was wrong. In these cases it is essential that the State prove beyond a reasonable doubt that the obstruction was knowing and wilful, and that it occurred while the officer was "in the lawful discharge of his official duties." OCGA § 16-10-24 (b). See *Hall v. State*, 201 Ga. App. 328 (411 SE2d 274); *Powell v. State*, 192 Ga. App. 688 (3) (385 SE2d 772); *Kight v. State*, 181 Ga. App. 874 (1) (354 SE2d 202); *Carr v. State*, 176 Ga. App. 113 (1) (335 SE2d 622). "[A] police officer is *not* discharging his lawful duty when he arrests an individual without reasonable or probable cause." *Brown v. State*, 163 Ga. App. 209, 212 (294 SE2d 305). If there is probable cause to believe a person committed a crime, if a crime is committed in the officer's presence or within his knowledge, or if there is a likely failure of justice, an arrest without a warrant is authorized; otherwise not. OCGA § 17-4-1; *Pate v. State*, 137 Ga. App. 677 (225 SE2d 95); *Smith*, supra at 82; see *Vaughn v. State*, 197 Ga. App. 561 (398 SE2d 836); *Singleton v. State*, 194 Ga. App. 423 (390 SE2d 648); *Banks v. State*, 187 Ga. App. 280, 282 (370 SE2d 38). As the only evidence of antisocial conduct by appellant prior to arrest is his refusal to give his name, the jury had to conclude this was why he was arrested. But a mere refusal to identify oneself to a police officer is not a crime. We have held a refusal to identify oneself was obstruction where the officer personally observed defendant driving in a reckless manner (*Bailey v. State*, 190 Ga. App. 683 (379 SE2d 816)), and where defendant was sought for arrest under a warrant. *Hudson v. State*, 135 Ga. App. 739, 742 (218 SE2d 905). A person might commit obstruction where he knowingly and wilfully hinders an officer in investigating an offense committed by another. But there is no evidence appellant had committed an offense in this case or was hindering an investigation of an offense; therefore, his refusal to give his name could not have amounted to obstruction in the facts of this case. We note that appellant was not charged with obstruction by refusing to give his name to the police officer.

Whether a defendant impeded an officer in carrying out his lawful duties (see *Logan v. State*, 136 Ga. App. 567, 568 (222 SE2d 124)) is usually a jury question, except where there is no conflict in the evi-

dence and all reasonable deductions and inferences therefrom *demand* a verdict of acquittal. OCGA § 17-9-1; *Carr*, supra at 114. The mere fact that someone calls the police is not probable cause. There was no evidence that appellant was unruly or threatened to breach the peace (see *Carr*, supra at 114-115) or even that the officer thought he was drunk. His sole offense was to refuse to give his name. This was not probable cause for arrest; therefore, the arrest was not lawful and appellant's physical resistance to arrest, which was the alleged obstruction, did not hinder the officer in the lawful discharge of his official duties. See *Brown*, supra. A verdict of acquittal was demanded under the evidence made out by the State.

*Judgment reversed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the reversal because there is no evidence that a lawful arrest was in progress when the defendant resisted the officer. He was charged in the indictment with committing the felony of obstruction, OCGA § 16-10-24 (b), by "physically resisting a lawful arrest."

Although it was within the officer's duties to investigate a citizen complaint, of which there is evidence, there appears no basis for the escalation of that investigation to an arrest of defendant outside of his responsive resistance to that arrest. No evidence supplied the answer to the question, "What was he being arrested for?"

It is a misdemeanor to give a *false* name to an officer who is lawfully discharging his official duties, OCGA § 16-10-25, but Wagner had refused to give any name. See *United States v. Brown*, 731 F2d 1491 (11th Cir. 1984), modified on other grounds, 743 F2d 1505 (1984).

There is no evidence that Wagner was being arrested for the misdemeanor of knowingly and wilfully obstructing or hindering the officer in his investigation of the complaint, by refusing to give his name, if this was the State's theory. See OCGA § 16-10-24 (a). In fact, the officer testified that defendant was under arrest for disorderly conduct at the time he asked defendant to sit in the back seat of the patrol car. The only evidence approaching disorderly conduct up to that point was the use of an expletive and refusal to give his name. If he was charged with such, it was not pursued. Defendant's oral response does not constitute disorderly conduct. See *Cunningham v. State*, 260 Ga. 827 (400 SE2d 916) (1991); *Hess v. Indiana*, 414 U. S. 105 (94 SC 326, 38 LE2d 303) (1973).

DECIDED NOVEMBER 5, 1992.

*James P. Brown, Jr.*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.