## A98A1723. WYNN v. THE STATE.
### (511 SE2d 201)

MCMURRAY, Presiding Judge.

Defendant Wynn appeals his convictions of two counts of felony obstruction of a law enforcement officer and one count of giving a false name to a law enforcement officer. *Held*:

1. Defendant's first enumeration of error maintains that the trial court erred in refusing to include a requested charge on simple battery in its instructions to the jury. This contention is based upon the hypothesis that simple battery is a lesser included offense of felony obstruction as charged by the indictment. However, this Court has previously held that simple battery is not a lesser included offense of felony obstruction and that there is no error in refusing to include the requested charge. *Pearson v. State*, 224 Ga. App. 467 (1) (480 SE2d 911).

2. The next enumeration of error challenges the sufficiency of the evidence to authorize defendant's convictions under the standard provided by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). However, we find that the evidence presented at trial was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the crimes of which he was convicted.

The evidence construed in the light most favorable to sustaining the verdict of the jury shows that two plainclothes police officers were searching for a fugitive other than defendant when they came upon a car parked on a dead-end street. Defendant was seated in the car which was surrounded by six or seven teenagers. The location being a high crime area known for drug sales, the officers decided to investigate. As the officers' car turned around in order that they might approach the parked vehicle, the parking lights on that vehicle were turned on and some of the surrounding teenagers were observed get-

ting into the parked car. Upon approaching the parked car the officers saw an open container of alcohol, a can of beer on the console next to defendant who was seated in the driver's seat. The officers identified themselves as police officers and asked defendant to step out of the vehicle. When asked his name, defendant replied that he was "Mark Grimes." In response to further questions from the officers, defendant stated that he had no identification or driver's license on his person and consented to being patted down. During the pat down a wallet was discovered in defendant's pocket and defendant consented to the officers removing the wallet and looking in it. The wallet contained a state issued identification card containing defendant's photograph and true name. When asked about the identification card defendant responded that the wallet was his brother's. As one of the officers turned to walk to the radio in order to request a computer check on the identification card, defendant fled and after a short chase was caught by the officers. In the course of an ensuing struggle to gain physical custody of defendant, he struck one of the officers with his elbow and another officer in the chest area.

An element of each of the crimes of which defendant was convicted is that the police officer involved be in the lawful discharge of his official duties. "OCGA § 16-10-25 makes it unlawful for any person to give a false name, address, or date of birth 'to a law enforcement officer in the lawful discharge of his official duties. . . .' This prohibition against deceitful obstruction of an officer is analogous to OCGA § 16-10-24 (b)'s prohibition against violent obstruction of an officer because both OCGA §§ 16-10-24 (b) and 16-10-25 make it 'essential that the State prove beyond a reasonable doubt that the obstruction was knowing and wilful, and that it occurred while the officer was "in the lawful discharge of his official duties." OCGA § 16-10-24 (b). See *Hall v. State*, 201 Ga. App. 328 (411 SE2d 274); *Powell v. State*, 192 Ga. App. 688 (3) (385 SE2d 772); *Kight v. State*, 181 Ga. App. 874 (1) (354 SE2d 202); *Carr v. State*, 176 Ga. App. 113 (1) (335 SE2d 622). "(A) police officer is not discharging his lawful duty when he arrests an individual without reasonable or probable cause." *Brown v. State*, 163 Ga. App. 209, 212 (294 SE2d 305).' (Emphasis omitted.) *Wagner v. State*, 206 Ga. App. 180, 182 (424 SE2d 861). Further, an officer is *not* within the lawful discharge of his official duties when he approaches and questions an individual without specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Id. at 181-183. Where circumstances do not provide an officer with articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been or is about to be violated, the officer's act of detaining and questioning an individual is nothing more than a police-citizen encounter outside the scope of the officer's 'official' police duties. See *Brooks v. State*, 144 Ga. App.

97, 98 (1) (240 SE2d 593)." *Holt v. State*, 227 Ga. App. 46, 48 (487 SE2d 629).

Nonetheless, the present case may be factually distinguished from *Holt* since, contrary to defendant's argument, the officers in the case sub judice did not lack articulable suspicion that a violation of the law had occurred. Indeed, the facts available to the officers upon their initial approach of defendant and discovery of the open container of beer resting in plain view provided information, satisfying a probable cause standard, that defendant was in violation of Georgia's open container law. See OCGA § 40-6-253 (b) which provides in relevant part that "(n)o person shall possess an open container of any alcoholic beverage while *operating* a vehicle in this state." (Emphasis supplied.) As discussed in *Miller v. State*, 202 Ga. App. 414 (414 SE2d 326), the term "operating a vehicle" includes being in actual physical control of the vehicle regardless of whether the vehicle is driven. While defendant was not seen driving the vehicle, the totality of the circumstances, including the location of the car and defendant's position in the car, indicate that defendant was in actual physical control of the vehicle and in possession of an open container of an alcoholic beverage.

It follows that there was sufficient evidence that the officers' act of questioning defendant was more than a consensual inquiry and was within the scope of the officers' official duties so that a jury could reasonably determine that defendant's use of a false name was a violation of OCGA § 16-10-25. Furthermore, the jury was authorized to conclude that the lawful discharge of official duties element of felony obstruction had been proven beyond a reasonable doubt.

Defendant's alternative argument in support of this enumeration of error, that there was not sufficient proof that he offered to do violence to the police officers, also lacks merit. This argument is predicated primarily upon the incorrect premise which we have already rejected that the officers were engaged in an unlawful seizure of defendant.

Furthermore, we note that even if the effort of defendant was to get away, and not to stand and fight, this was no defense to the felony obstruction charge. "The offense of obstruction requires the specific intent to hinder law enforcement, and if there exists any threat or act of violence against the officer, then the offense is felony obstruction, even though the threat of violence or the act of violence would be a misdemeanor against anyone else." *Pearson v. State*, 224 Ga. App. 467 (1), 468, supra. The State's evidence showing that each of the officers was struck by defendant in the course of his attempt to resist custody, the jury was authorized to conclude that there was proof beyond a reasonable doubt of the violence element of felony obstruction.

3. Defendant enumerates as error the trial court's charge on circumstantial evidence. Defendant argues that the charge is incorrect and that in the absence of a request it would have been error to have given a correct charge on this inapplicable rule of evidence.

We find that defendant is incorrect on both points. The trial court charged that "to warrant a conviction on circumstantial evidence *alone*, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." Defendant's contention that the addition of the word "alone" constitutes a significant departure from the words of OCGA § 24-4-6 appears to be inconsistent with the holding of our Supreme Court in *Lowe v. State*, 267 Ga. 180, 181 (3) (476 SE2d 583), where a charge containing the same addition of "alone" is held to be the functional equivalent of the rule stated in OCGA § 24-4-6 based on reasoning that the trial court need not track the exact language of a statute in order to properly instruct a jury on the principle contained therein.

Furthermore, "it is well settled in Georgia law that absent extraordinary circumstances not obtaining in the instant case, it is not harmful error to give a jury instruction on circumstantial evidence even if none is actually present in the case, inasmuch as such an instruction would ' "g(i)ve (the defendant) a rule more favorable than he could claim." ' *Latimer v. State*, 188 Ga. 775, 777 (4 SE2d 631) (1939), quoting *Smith v. State*, 140 Ga. 791 (79 SE 1127) (1913); *Nestor v. State*, 122 Ga. App. 290, 291 (176 SE2d 637) (1970)." *Barnes v. State*, 171 Ga. App. 478, 483 (4) (320 SE2d 597). This enumeration of error lacks merit.

4. Next, defendant maintains that the trial court improperly injected punishment issues into the guilt-innocence phase of the trial by using the terms "felony" and "misdemeanor" in instructions to the jury which distinguished the obstruction offense charged in two counts of the indictment, OCGA § 16-10-24 (b), from the lesser included offense contained in OCGA § 16-10-24 (a). However, the trial court made no reference to the possible sentence for either offense. And, the issue thus posed by defendant was decided adversely to him in *Fletcher v. State*, 197 Ga. App. 112, 113 (3) (397 SE2d 605).

5. In the final enumeration of error, defendant maintains that the trial court erred by the use of written verdict forms rather than permitting the jury to choose the form of their verdict. Nonetheless, defense counsel was asked to examine the verdict form and state any objections. Defense counsel stated that defendant had no objections, and this failure to preserve the issue now argued must be viewed as a waiver. *Wilkes v. State*, 210 Ga. App. 898, 899 (2) (437 SE2d 837).

102

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 26, 1999.

*Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.